Ruffin, C. J„
 

 In indictments for injuries to property» it is necessary to lay the property truly, and a variance in that respect is fatal. And where the injury is alleged to be to a dwelling house, as in burglary or arson at common law, it is always laid as the dwelling house of a lessee, who is actually in possession, and not of the reversioner. For that reason this indictment could not be sustained, if any could; for, there is no ground, on which, under this statute, there could be a departure from the usual mode of laying the pioperty in the lessee and occupier. But, in truth, the facts would not support an indictment in any form ; because, in the opinion of the Court, the case is not within the act. For, .although it protects houses and enclosures from des
 
 *343
 
 truction or injury, yet necessarily an exception is to be implied, when the destruction or damage is by the owner. The act has in view the preservation of his estate and in, teres!, and, therefore, has no purpose to restrain the owner’s power over his property. The question is, who is the owner within the meaning of the law. His- Honor supposed, that the object was to prevent injuries to the freehold merely, and, hence, that it made wilful destruction by a tenant criminal. But that construction cannot be admitted; for, it is neither consistent with the words nor the purposes of the act, as is obvious from the consideration, that it would make it crime in a lessee for a long term io “remove a fence” between two fields, while, on the other hand, it would allow the landlord of such a lessee wilfully and maliciously to pull down with impunity the dwelling house on the premises, occupied by the tenant: which would be absurd. The act therefore, renders criminal wilful injuries by one person on the houses or enclosures--of another person ; and there is no reason, why, in this case, as-in others, the property isnottp be deemed in him, who is at the time in the rightful possession. If it had been intended to embrace the acts of ■wilful waste by .a tenant, there would have been express words to take in the case where the premises are in the possession of the offender, as well as in that of another person ; as- in the modern English Statute, making it criminal to burn certain houses with an intent to defraud or injure any other person, whether in the possession of the accused or oí another. Without some such provision, this act does not extend to waste by a tenant; and if he would not be guilty, neither can one who acts with him, by his directions.
 

 Tkr -Cubjam. -Judgment reversed, and
 
 venire de novo.