Manly,
 
 J.
 

 It appears from the special verdict in this case, that the portion of the land from which the fence was removed, was not only in possession of the prosecutor, but belonged to him by virtue of possession under color of title. No question, therefore, can be raised upon the case as to the power of the defendant, in an indictment of this character, to exculpate himself by showing that he had title to the land, and, consequently, a right of entry. Whatever may have been intended, the record fails to raise any such question, and we do not think proper to express an opinion upon it.
 

 The only question actually presented is, whether a trespass committed by the removal of a fence from land of which the defendant had neither possession, nor right of possession, is, in case of an indictment under the Code, ch. 31, sec. 103, defensible upon the ground that it was committed with a view to provoke a civil action only, and try the title. The question involves no difficulty. An act, in itself indictable, done by one capable of committing crime, is not exempt from criminal cognizance in our courts, by the failure of the perpetrator
 
 *399
 
 to foresee or expect indictment. The object.in committing the act, can make no difference. All the consequences which the law annexes to it, will follow, notwithstanding, inadvertence or ignorance in the perpetrator.
 

 The section of the Code in question, declares
 
 “
 
 if any one shall unlawfully and wilfully remove any fence, or part of a fence surrounding a cultivated field, every person, so offending, shall be deejned guilty of a misdemeanor.” The special verdict against the defendant affirms all the facts necessary to constitute the offence, and there is nothing stated to excuse him from the consequences. If he desired to invite a civil suit to test rights to the
 
 locus in guo^
 
 he should have taken care to confine himself ft^such acts as would subject him only to an action of that nature.
 

 The judgment of the Superior Court upon the verdict, is correct, and should he affirmed.
 

 Per Curiam,
 

 Judgment affirmed.