## THE STATE *v.* JOSEPH MACE.

An indictment for tearing down a dwelling house, under the Act in the Revised Code, ch. 34, sec. 103, cannot be supported by proof that it was torn down by the owner or his tenant, though it was occupied at the time by a tenant at sufferance; but, if the tenant, at sufferance, were present, forbidding the act when the house was torn down, an indictment for a forcible trespass might have been supported.

Indictment for tearing down a dwelling house, under the Act in the Revised Code, ch. 34, sec. 103, tried before his Honor, *Judge Mitchell,* at the Fall Term, 1870, of the Superior Court for the County of McDOWELL. The defendant was convicted and appealed from the judgment rendered against him. The facts are sufficiently stated in the opinion of the Court.

*Malone,* for the defendant.
*Attorney General,* for the State.

SETTLE, J. This is an indictment under the 103rd section of the Revised Code, and charges that the defendant " unlawfully and wilfully did tear down, demolish, destroy, injure and deface a certain dwelling house, there situate, then and there occupied and used as the dwelling house of one Jane Lackey," &c.

The material facts are (according to all the testimony both of the prosecution and defence) that one Godfrey had, sometime previously, leased the premises to Jane Lackey, and that her term had expired; further that Godfrey had leased the premises to the defendant Mace, to take possession on the expiration of the lease to Jane Lackey.

The said Jane was making arrangements to quit, but before she did so, the defendant uncovered the greater portion of the house with a view to repairing the same, the said Jane being present, and as she testifies, forbidding him to do so. It is conceded that these facts would sustain an in-

dictment for forcible trespass, for although Jane Lackey was only a tenant at sufferance, still the public peace demands that her possession shall not be disturbed by force.

If one having a right of entry, be guilty of a forcible entry, he may be indicted for a disturbance of the peace, but if he obtain possession by force, the person who had no right to retain the possession, cannot sustain an action for such forcible regaining the possession, so far as regards any alleged injury to the *house or land.;* but at most only for any unnecessary personal injury in turning him out, or avoidable damage to the furniture, *State* v. *Johnson,* 1 Dev. and Bat. 324.

The purpose of the act upon which this indictment is founded, seems to be the protection of certain classes of property—houses, fences, &c., considered as improvements and property, rather than the preservation of the public peace, which was already sufficiently guarded by law, without this statute. This appears from the fact that the act protects not only dwelling houses, but almost every conceivable improvement in the way of a house, a bridge, fence or other enclosure, notwithstanding the house may be uninhabited or an outhouse.

But surely the purpose was not to prohibit the owner from doing as he likes with his own property. He may either improve or destroy it, and no questions can be made by others, as to the damage done to the property. If in dealing with his property, or in any other manner he commits a breach of the peace, he is amenable to law, but our conclusion is that the facts do not make out a case *within the act* under consideration. We have considered that the defendant acted throughout, under and by the authority of the landlord Godfrey. *Qui facit per alium facit per se.*

The judgment of the Superior Court is reversed and a *venire de novo* awarded.

PER CURIAM.                                        *Venire de novo.*