STATE v. GEORGE PIPER.

*Indictment for Removing Fence—Special Verdict.*

1. A landlord has no right to enter upon land leased to his tenant and remove a fence therefrom against the consent of the tenant.

2. The court below erred in not holding the defendant to be guilty upon the facts found in the special verdict.

(*State* v. *Graham*, 8 Jones, 397; *State* v. *Hovis*, 76 N. C., 117, cited and approved).

INDICTMENT tried at Spring Term, 1883, of ORANGE Superior Court, before *Gilmer, J.*

The defendant is indicted under THE CODE, §1062, for unlawfully and wilfully removing a fence surrounding a cultivated field, the property of Mary S. Nichols.

On the trial, the jury found a special verdict, in substance as follows:

The defendant and one Robert A. Nichols entered into an agreement by which Nichols leased a tract of land, in consideration, among other things, that he (Nichols) was to put a fence around the same, which he did. Subsequently Nichols died, and his widow, the said Mary, has since continued, under the lease, to live on and cultivate the land enclosed by the said fence, which constituted a division fence between Nichols and one Whitaker, another tenant of the defendant, and was built according to contract with the defendant. Afterwards, and during the continuance of the lease, the defendant, upon notice to the prosecutrix, moved the fence and deposited the rails upon his own premises, the prosecutrix forbidding the same. Thereupon the court adjudged the defendant was not guilty, and the state solicitor appealed.

*Attorney-General* and *A. W. Graham,* for the State.
No counsel for the defendant.

MERRIMON, J. It appears that the prosecutrix was in the actual possession of and cultivated the field up to the fence, embracing that part removed by the defendant, and that one Whitaker was in possession of the field and cultivated the same on the opposite side of the fence, as lessee of the defendant. The fact that the fence was on the land let to Whitaker cannot alter the case, because it was built by Nichols in his life-time under his lease; he had actual possession of the land up to it, until his death, and his widow, the prosecutrix, had actual possession thereof continuously next after his death, until and at the time the fence was removed. So that, on one side of the fence the field was in the lawful possession of the prosecutrix, and on the

other it was in the lawful possession of Whitaker.  The defen-
dant, for the purpose of the statute, for the time was not the
owner of the fields and the fence; he had no right to go upon
the field on either side of the fence; he committed a trespass
when he did so, and especially when he removed the fence; he
had no right to remove it; he unlawfully removed it, and the
*animus* sufficiently appears.  So he was guilty, and the court
ought to have so held upon the special verdict.  *State* v. *Graham*,
8 Jones, 397; *State* v. *Hovis*, 76 N. C., 117.

There is error.  Judgment reversed, with instructions to enter
a verdict of guilty upon the special verdict, and proceed to
judgment according to law.  Let this be certified.

'Error.                                                  Reversed.