STATE v. W. B. MARSH.

*Removal of Fence—Evidence of title to land not admissible.*

1. On trial of an indictment for removing a fence in violation of THE CODE, § 1062, it appeared in evidence that there was a controversy about the dividing line which separates the land of the prosecutor from that of the defendant—the former being in possession but the latter claiming the right to the land; *Held*, that evidence offered to show that the fence was on land belonging to the defendant, was properly ruled out.

2. In such case it is only necessary for the state to show the *actual* possession of the prosecutor; and it is no defence for the defendant to locate the dividing line and show title in himself. This right must be asserted in a civil action.

(*State* v. *Williams*, Busb., 197; *State* v. *Headrick*, 3 Jones, 275; *State* v. *Mace*, 65 N. C., 344; *State* v. *Roseman*, 66 N. C., 634; *State* v. *Hovis*, 76 N. C., 117; *State* v. *Piper*, 89 N. C., 551, cited and approved.)

STATE *v.* MARSH.

INDICTMENT for removal of fence in violation of the provisions of the statute, tried at Spring Term, 1884, of UNION Superior Court, before *MacRae, J.*

Verdict of guilty, and the defendant appealed from the judgment pronounced.

*Attorney-General,* and *Covington & Adams,* for the State.
*Messrs. Payne & Vann,* for defendant.

SMITH, C. J. The defendant is charged under section 1062 of THE CODE as it was in force early in the year 1883, with the unlawful and wilful removal of a fence around the cultivated field of one J. A. Richardson, and upon his trial was found quilty.

The exceptions taken by the defendant during the progress of the trial before the jury are numerous, but are all referable to the exclusion, on objection from the state, of evidence offered to show that the fence displaced and torn down, was on land belonging to the defendant, and are resolved into the one inquiry as to its competency for such purpose.

There can be no question, that, conceding the fact that the defendant did own the land on which the fence was standing, he could not have committed the offence contained in the statute, for it is not unlawful for him to remove an obstruction placed upon his own property; and so it is held in several cases where the construction of the enactment has come before the court. *State* v. *Williams,* Busb. 197; *State* v. *Headrick,* 3 Jones, 375; *State* v. *Mace,* 65 N. C., 344; *State* v. *Roseman,* 66 N. C., 634.

But surely, remarked Mr. Justice SETTLE, in *State* v. *Mace,* the purpose was not to prohibit the owner from doing as he likes with his own property. He may either improve or destroy it, and no question can be made by others as to the damage done to the property.

Here, there was a controversy about the dividing line which separates the land of the prosecutor, Richardson, from the land of the defendant, from which the former was cut off, both areas constituting a single tract, as stated in the testimony of the prosecutor, who says he put the fence further over as an assertion of his own title up to the boundary claimed by him. The fence was part of that enclosing a field in possession of Richardson, on which, at the time of the removal, in February, was some ungathered cotton standing of the growth of the previous year, and wheat had been sown.

The defendant under a claim of ownership and of right to the land, made the removal and now defends by proposing to show that the title was in him and not in Richardson.

Thus he proposes to narrow the issue into one of title and require the jury to decide, in a public prosecution, to whom the disputed land belongs.

This, in our opinion, was wholly admissible, and testimony upon this point was properly excluded. It was only necessary for the state to prove the actual possession of the enclosed lands, and that it was in cultivation by the prosecutor, when the acts charged were done, and it is not a defence upon this trial for the defendant to locate the true line of division, and show title in himself to the portion of the field from which the fence was removed.

" The prosecutor," say the court in *State* v. *Hovis*, 76 N. C., 117, " was in the actual quiet possession of the fence around his field in cultivation, and had been for more than a year, when the defendant pulled it down. This possession could not be disturbed by any adverse claimant in this " short hand " way, because it would in most cases lead to some other and more serious breach of the peace and good order of society. If the defendant has a better title than the prosecutor to the premises or to the possession thereof,

he can assert it by due course of law, *but he cannot do so by violating the criminal law of the state..*"

So in the recent case of *State* v. *Piper*, 89 N. C., 551, it was held that the lessor of two adjoining fields to different tenants, one of whom had constructed a division fence and whose wife continued to occupy and cultivate that demised to her deceased husband, in removing the fence, was amen· able to a prosecution under the act.

There was no error in the ruling out the evidence offered of title in the accused upon the trial of the indictment, his remedy being in a resort to a civil action after so long an unresisted possession and use of the field by Richardson.

This will be certified to the end that judgment be rendered upon the verdict in the court below.

No error.                                    Affirmed.