### STATE v. R. C. WHITENER.

*Indictment for Injury to a Dwelling House.*

*The Code*, sec. 1062, which makes an injury to a house indictable, does not embrace the case of injury to a building by a lessee during the continuance of his term.

(*State* v. *Mason*, 13 Ired., 341, cited and approved).

This was an INDICTMENT, tried before *Avery, Judge,* at Spring Term, 1885, of BURKE Superior Court.

The defendant was charged with an injury to a house under section 1062 of *The Code.*

It was in evidence for the State, and admitted by the defendant, that he had been a tenant from year to year of Mrs. M. R. Caldwell, for four years prior to the first day of January, 1885, and that he removed the sash from the windows of the house occupied by him on the premises leased to him by her in December 1884. That the sash were fastened into the windows by a strip like that ordinarily used in fastening the sash into a window. That said strips were held by shingle nails, driven about half way into the wood, and that defendant forced out the nails, took off the strips and removed the sash from the premises in December, 1884, without the consent of Mrs. Caldwell. The defendant proposed to prove that he borrowed the sash from his brother about two years before he removed them. That he took the sash out when he left the premises, and hauled them away in a wagon with his household and kitchen furniture, and subsequently returned them to his brother, who had loaned them to him, and that there were no sash in the windows when he took possession of the premises.

The solicitor objected to the evidence, upon the ground that it was not material, was incompetent, and would not, if true, make out a sufficient defence for the defendant.

The Court sustained the objection, and the defendant excepted. There was a verdict of guilty, and judgment against the defendant, from which he appealed.

*Attorney-General,* for the State.
*Mr. S. J. Erwin,* for the defendant.

ASHE, J. (after stating the facts). There is error. The case of *State* v. *Mason,* 13 Ired., 341, is decisive of this case. It was there held that in an indictment, that under the statute of 1846-'7, ch. 70, for injury to a dwelling house, of which a lessee, his time yet unexpired, has the actual possession, the indictment, if it can lie at all, must state the property to be in the lessee. But the act does not embrace the case of destruction or damage to buildings, &c., by the owner himself, and in law the lessee is the owner, during the continuance of his term. The act of 1846-'7, ch. 70, is substantially and almost literally the same with the section 1062 of *The Code,* under which the defendant is indicted. He was the lessee of Mrs. Caldwell, and his lease at the time of the removal of the sash was unexpired. The case falls directly within the decision of *State* v. *Mason.*

There was error. Let this be certified to the Superior Court of Burke that a *venire de novo* may be awarded the defendant.

Error. Reversed.