STATE v. JOHN FENDER, CROCKETT CHEEK, and TROY COL-
LINS.

(Decided November 28, 1899.)

*Indictment—Trespass—The Code, Sec. 1062.*

Offences in the nature of trespass are against the possession; where
the *actual* possession is in the prosecutor, the defendant can not
exculpate himself by showing title to the land upon which the
fence was situated, and from which it was unlawfully removed
by defendant.

INDICTMENT under sec. 1062 of The Code for unlawfully
and willfully pulling down and removing a fence surrounding
a pasture, the property of, and in possession of, one Morgan
Edwards, tried before *Allen, J.,* at Spring Term, 1899, of
the Superior Court of ALLEGHANY County.

The case is fully stated in the opinion.

The defendants were convicted, and from the judgment
rendered appealed to the Superior Court.

*Messrs. Finley & Greene,* for appellants.
*Messrs. R. A. Doughton,* and *W. C. Field,* with *Attorney-
General,* for the State.

DOUGLAS, J.    This is a criminal action wherein the defend-
ants were indicted under sec. 1062 of The Code for unlaw-
fully and willfully pulling down and removing a fence sur-
rounding a pasture, the property of, and in the possession of,
one Morgan Edwards.

The evidence showed that there was a dispute between
prosecutor and the defendants as to the correct line of two
between them, the two lines being about twenty yards apart;
that about four days before the alleged offense, the prosecutor

enclosed a pasture, commencing on his undisputed land and
extending across the line claimed by the defendants on to the
land between the disputed line and near the line claimed by
the prosecutor; that defendants had done some grubbing on
the land between the lines, up to the line claimed by them;
that when the defendants, or one of them, found out the pas-
ture fence was being erected by the prosecutor, he saw the
prosecutor and complained about it; there was an effort to set-
tle the dispute, and they went to Sparta to examine a certain
map for that purpose, but failed to agree, and four days after
the enclosure had been built, the defendants went to the place
in the night time, and pulled it down; that defendants owned
the land on one side of the two disputed lines, and the prose-
cutor on the other; it was uncultivated, and mostly woodland,
except that defendants had done some grubbing on their land
which had extended on to the land between the disputed lines,
but not at the point where the pasture fence was built.    The
defendants offered to show title and also surveys and certain
partition proceedings tending to show the correct line, which
were excluded upon objection.

After stating the contention of the parties, and the evi-
dence and the law as to reasonable doubt, the jury were
further instructed that the title was not in question and not
affected by this trial; that to constitute the offense charged,
there must be a trespass.    That if the prosecutor moved the
fence to the line claimed by him, and the land he moved it on
was in the possession of the defendants, and being used by
them for such purposes as it was capable of being used, then
it would not be a trespass for the defendants to pull it down,
and if they did so, they would not be guilty unless they
allowed the fence to remain long enough for (the prosecutor)
to obtain quiet possession of the inclosure, which extended on
to the land between the two lines; and if the prosecutor had

gotton into quiet possession, and was using it for such purposes as the land was capable of being used, and while so in possession and using it the defendants pulled it down, they would be guilty.

The jury were further instructed that if the defendants were in possession of the land on which the fence was moved, and within a reasonable time, and before the possession of the prosecutor became quiet and fixed,they pulled down the fence, they would not be guilty; and further, that if the prosecutor claimed one line and defendants another, and the prosecutor moved the fence over the line claimed by the defendants to or near the line claimed by himself, and the defendants knew it, and allowed it to remain until prosecutor completed the work and kept the fence or the disputed land around his pasture as a part of his inclosure long enough to get quiet control of it, and use it for the purposes for which it was capable of being used, and the defendants then pulled it down, deliberately and of purpose, and without regard to whether it was done rightfully or wrongfully, they would be guilty.

*Opinion.*

We see no error either in the exclusion of testimony or in the charge of the Court.    Offenses of this nature are against the possession—and hence it has been repeatedly held, that where the State has shown *actual* possession in the prosecutor, the defendant can not exculpate himself by showing title to the land upon which the fence was situated.    *State v. Graham,* 53 N. C., 397; *State v. Hovis,* 76 N. C., 117; *State v. Piper,* 89 N. C., 551; *State v. Marsh,* 91 N. C., 632; *State v. Howell,* 107 N. C., 835, 840.    If the defendant has a good title to the land, he may assert his right in a civil action.

Of course, if the prosecutor were admittedly a naked trespasser, without any pretense of right,it might be different, but the courts do not encourage the trial of title upon the crim-

inal docket. Still less can it sanction the conduct of a defend-
ant in cutting the gordian knot of a contested title by a crim-
inal act, which, in its very nature, is calculated to bring on a
breach of the peace. But the possession of the prosecutor
must be *actual,* and not merely constructive. Nor will actual
possession suffice, if it consists in a mere ouster of the defend-
ant, unless coupled with his actual or implied acquiescence.
Such acquiescence, as well as the nature of the possession, are
usually mixed questions of law and fact, and were properly
left to the jury.

Affirmed.