·STATE v. M. E. CONDER, HENRY CONDER and ANDY STARNES.

(Decided March 13, 1900.)

*Forcible Trespass—Two Counts, Personalty and Realty—*
*Possession.*

Forcible trespass is an offense against the possession—its tendency
is towards a breach of the peace—even a lawful right of posses-
sion must be enforced in a lawful manner, and not with cir-
cumstances of violence and intimidation, in the presence of the
party in actual possession.

INDICTMENT for forcible trespass in removing the horses of
prosecutor, J. W. Houston, from the stable in his possession,
and taking possession of the stable, with force and arms and
a strong hand, he being personally present and forbidding,
tried before *Coble, J.,* at Spring Term, 1899, of UNION
Superior Court.

The defendants pleaded not guilty. The evidence was con-
flicting in its character. The charge of his Honor was
directed to the different phases of the case, as the jury should
find the facts. Exceptions were taken by defendants. There
was a verdict of guilty. From the judgment rendered de-
fendants appealed. The opinion presents a full view of the
case.

*Messrs. Armfield & Williams,* for appellants.
*Mr. Alexander Stronach,* with the *Attorney-General,* for
the State.

DOUGLAS, J. This is a conviction for forcible trespass.
There was conflicting evidence, but the following facts suffi-
ciently appear from the evidence for the State which was

apparently accepted by the jury. The prosecuting witness, John W. Houston, had rented from one Bivens, the premises in question, a livery stable, for the year ending December 8, 1898, and was in undisputed possession. He again rented for the year 1899. On January 4, 1899, Bivens came to him and said that E. J. Heath owned one-third interest in the stable, and wanted the premises. Houston claimed to have rented, and declined to surrender. Heath telephoned that his stock was on the road, and the defendant Conder came to the stable on January 4, 1899, with Heath's stock. Defendant Mark Conder said he had come to stay a few days. Witness took his horses, put them up and fed them, after which the defendant Henry Conder bought feed for the stock; but the witness had the stock attended to until Monday afterwards when Henry Conder claimed possession of the stable. The witness told Henry Conder that he (witness) had not given him possession, and on Tuesday the witness put Conder's stock on the outside and locked the door. Witness's brother had had the key. Witness went to breakfast and was gone about twenty-five minutes, and when he returned the stable had been broken open, and Conder's horses put back. Witness called his hands in, and defendants would not let them come in. Witness's brother ran off a boy. Witness told the defendants he had the stables rented, and was going to hold them, and he demanded possession. Don't think the witness said anything that day to defendants about getting out. Witness demanded possession again on Wednesday, but did not put them out because he thought that he would have a fight with them .On Wednesday morning the stables were locked. Starnes was locked up in the stables. Witness again demanded the stables, and they refused, and said they would not open until the thing was settled.

The defendants subsequently put out of the stables all the

prosecutor's stock and other property. The defendant intro-
duced evidence tending to show that the prosecutor turned
over to them the possession of the premises, and subsequently
acknowledged their possession by words and acts. This testi-
mony raised an issue of fact for the jury. The prosecutor
was admittedly in possession when the defendants first put
their stock in the stable, and the jury were justified in assum-
ing that he remained in possession if they saw fit to believe
his testimony. If he admitted the defendants simply as a
matter of favor because they had nowhere else to go, and
upon their assurance that they came to stay only a few days,
he did not surrender possession, and was justified in putting
out the defendant's stock peaceably and without violence upon
their claim of possession, which amounted to a denial of his
own possession. This Court has repeatedly held that forcible
trespass is an offense against the possession. *State v. Fender,*
125 N. C., 649. The gravamen of the offense is that it tends
to a breach of the peace, and hence there must be some actual
violence or such an exhibition of force as would be calculated
to intimidate a man of ordinary firmness. The law recog-
nizes the fact that some men of more than ordinary firmness
are prompt to meet force with force, which would lead to a
breach of the peace with perhaps the most serious if not fatal
consequences. Hence it says that even if a man has a lawful
right of possession, he must enforce it in a lawful manner.
The prosecutor testified that the defendants broke the lock
and took possession of the stables while he was at breakfast,
a temporary absence of very short duration, and afterwards
retained possession and ordered off his hands in spite of his
repeated demands for possession. They subsequently put out
all his stock and other property, and retained sole possession
of the premises. It is true the prosecutor was not present
when the defendants broke into the stable, but he was only

temporarily absent, and we think that the breaking of the lock in connection with their subsequent conduct justified a verdict of guilty. The defendants seek to justify their conduct also on the ground that they were originally admitted into peaceable possession; but if, as claimed by the prosecutor, they were admitted as a matter of favor under the false assurance that they would remain only a few days, and then sought to retain the *qualified* possession thus obtained through artifice to the exclusion of the prosecutor, they would thus make themselves trespassers *ab initio.* The nature of the offense of forcible trespass and the application of its essential principles have been recently so repeatedly considered by this Court that it is unnecessary to further discuss this matter. *State v. Woodward,* 119 N. C., 836; *State v. Childs, Ibid,* 858; *State v. Webster,* 121 N. C., 586; *State v. Newbury,* 122 N. C., 1077; *State v. Robbins,* 123 N. C., 730; *State v. Lawson, Ibid,* 740; *State v. Fender, supra.* There were various exceptions to his Honor's charge, and refusal to charge, but we see no error in either, as we think that defendants' contentions were fairly presented to the jury. The judgment is

Affirmed.