STATE v. J. E. TAYLOR.

(Filed 1 November, 1916.)

**1. Criminal Law—Removing Fence—Possession—Defenses—Title—Statutes.**

Where the State, upon trial under an indictment for unlawfully and willfully removing a fence, Revisal, sec. 3673, shows actual possession in the prosecutor, the defendant cannot exculpate himself by showing title to the land upon which the fence was situated.

**2. Criminal Law—Removing Fence—Evidence — Possession — Indictment — Trials.**

Evidence is sufficient to convict under an indictment for unlawfully and willfully removing a fence (Revisal, sec. 3673) which tends to show that the prosecutor had been in possession for twenty-three years and that the defendant moved the fence without his knowledge or consent; and the indictment is sufficient as to the prosecutor's possession which charges that he owned the property and the fence inclosed the yard around his dwelling.

**3. Motions in Arrest—Judgments.**

A motion in arrest of judgment after conviction, on the ground that the bill of indictment is defective, will not be granted unless it appears that the bill is so defective that judgment cannot be pronounced upon it.

INDICTMENT under section 3673, Revisal, for unlawfully and willfully removing a certain fence, tried at May Term, 1916, of NEW HANOVER, before *Stacy, J.* The jury rendered verdict of guilty. From the judgment rendered the defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Herbert McClammy for defendant.*

BROWN, J. There are three assignments of error directed to the evidence. In our opinion, the evidence to which they are directed was not at all material and the assignments are without merit. They need no discussion. The defendant excepted to the following charge:

"The State contends that the prosecuting witness had a fence which had been in a certain place for twenty-three years, and that the defendant removed that fence without any authority from the prosecuting witness. I charge you, gentlemen, that if you find as a fact from the evidence, and you are satisfied beyond a reasonable doubt that this fence inclosed this yard, and it so inclosed it for a period of twenty-three years, then the defendant had no right to remove that fence without authority from the owner, or if he removed that fence without such authority, it was done unlawfully."

We see no error in this instruction.    It is well settled that where the State, in an indictment under section 3673 for unlawfully and willfully removing a fence, shows actual possession in the prosecutor, the defendant cannot exculpate himself by showing title to the land upon which the fence was situated.    *S. v. Campbell,* 133 N. C., 640; *S. v. Fender,* 125 N. C., 649; *S. v. Howell,* 107 N. C., 835; *S. v. Marsh,* 91 N. C., 632; *S. v. Graham,* 53 N. C., 397.

In *Fender's case, supra,* it is held that "Offenses in the nature of trespass are against the possession; where the actual possession is in the prosecutor, the defendant cannot exculpate himself by showing title to the land upon which the fence was situated and from which it was unlawfully removed by defendant."

*Mr. Justice Douglas* well says: "Of course, if the prosecutor were admittedly a naked trespasser, without pretense of right, it might be different; but the courts do not encourage the trial of title upon the criminal docket."

The prosecutor Otten testified that he owned and was in possession of the property partly inclosed by the fence; that he had been in possession of it for twenty-three years, and that the fence had been there all those years; that defendant removed the fence without his knowledge or consent.    Under the authorities, the charge was fully justified by the evidence.

The defendant moved in arrest of judgment upon the ground that the bill of indictment did not charge that the prosecuting witness was in possession of the property from which the fence was moved.    In support of this motion defendant relies upon *S. v. Mason,* 35 N. C., 341, and *S. v. Whitener,* 92 N. C., 798.    We are not disposed to now question the authority of these cases, although the first was decided in 1852 when great particularity in criminal pleading was required.

The second case cited was practically overruled in *S. v. Whitener,* 93 N. C., 591, the Court pointing out that the indictment in that case was not under section 3673 (then 1062) of The Code."

The indictment sufficiently charges that the property was in the possession of the prosecutor H. F. Otten.    It charges that he owned the property and that the fence which was removed inclosed the yard around the dwelling-house.    The court properly overruled the motion.

A motion in arrest of judgment after conviction, on the ground that the bill of indictment is defective, will not be granted unless it appears that the bill is so defective that judgment cannot be pronounced upon it.    *S. v. Ratliff,* 170 N. C., 707; *S. v. Francis,* 157 N. C., 621.

No error.