Justice JACKSON
dissenting.
In concluding that an indictment for injury to real property pursuant to N.C.G.S. § 14-127 need not identify the owner or lawful possessor of *745 the property, the majority ignores over one hundred and sixty years of precedent establishing that “[i]n indictments for injuries to property it is necessary to lay the property truly, and a variance in that respect is fatal.”[1] State v. Hicks, 233 N.C. 31, 34, 62 S.E.2d 497, 499 (1950) (quoting State v. Mason, 35 N.C. (13 Ired.) 341, 342 (1852)), cert. denied, 342 U.S. 831 (1951). I respectfully dissent.
Section 14-127 states, “If any person shall willfully and wantonly damage, injure or destroy any real property whatsoever, either of a public or private nature, he shall be guilty of a Class 1 misdemeanor.” N.C.G.S. § 14-127 (2015). Interpreting this language, the majority concludes that the statute “does not require that the real property be ‘of another’ ” and that “the owner or lawful possessor’s name ... is not an essential element of the offense that must be alleged in the indictment, so long as the indictment gives defendant reasonable notice of the specific parcel of real estate he is accused of injuring.”
In 1852, faced with a statute that similarly lacked an explicit element stating that the allegedly injured property must be that of another, this Court rejected the majority’s inteipretation. In State v. Mason the defendant was accused of injury to a dwelling house in violation of a statute that stated:
[ I]f any person or persons ... shall unlawfully and wilfully demolish, pull down, deface, or by other ways or means destroy, injure or damage any dwelling house, or any uninhabited house, out house, or other building, or shall unlawfully or wilfully bum, destroy, or remove any fence, wall, or other inclosure or any part thereof, surrounding or about any yard, garden, or cultivated grounds, he, she, or they shall be deemed guilty of a misdemeanor....
Act of Jan. 14,1847, ch. 70,1846-47 N.C. Sess. Laws 137; see also Mason, 35 N.C. (13 Ired.) at 342 (referencing this statute). Like section 14-127, this statute did not specify that the dwelling house must belong to someone other than the defendant. Nevertheless, this Court stated that “[i]n indictments for injuries to property it is necessary to lay the property truly, and a variance in that respect is fatal.” Mason, 35 N.C. (13 Ired.) at 342. This Court explained that “although [the statute] protects houses and inclosures from destruction or injury, yet necessarily an exception *746 is to be implied when the destruction or damage is by the owner.” Id. at 343. The Court determined that if the statute “had been intended to embrace the acts of willful waste by a tenant, there would have been express words to take in the case where the premises are in the possession of the offender.” Id. As established in Mason, even if a statute prohibiting injury to some property does not state that the property must be that of another, such a requirement is implied, and an indictment for violation of that statute must identify the owner or lawful possessor.
Although Mason “was decided in 1852 when great particularity in criminal pleading was required,” State v. Taylor, 172 N.C. 892, 893, 90 S.E. 294, 295 (1916), this Court has reaffirmed and applied its holding in multiple different contexts, see, e.g., State v. Watson, 272 N.C. 526, 527, 158 S.E.2d 334, 335 (1968) (per curiam) (indictment for safecracking); State v. Cooke, 246 N.C. 518, 520, 98 S.E.2d 885, 887 (1957) (indictment for trespassing). In Taylor, after implicitly suggesting that the level of particularity required in indictments may have diminished since Mason was decided, this Court concluded that an indictment for unlawfully removing a fence “sufficiently charges that the property was in the possession of the [prosecuting witness] H. F. Otten” in part because the indictment stated that Otten “owned the property.” 172 N.C. at 893, 90 S.E. at 295. Thus, even as we acknowledged that pleading requirements should be viewed more liberally than in the past, we still retained the requirement of identifying the owner or lawful possessor.
Our more recent decision in Hicks relied upon Mason. The defendant and a codefendant allegedly engaged in a conspiracy, part of which involved a plan to destroy an electrical transformer “by the use of dynamite or other high explosive.” 233 N.C. at 31, 62 S.E.2d at 497. He was charged, inter alia, with both conspiracy to commit injury to real property and conspiracy to injure personal property, but the latter charge was dismissed. The jury found him “[g]uilty of conspiracy to damage real property.” Id. at 33, 62 S.E.2d at 499. We noted that “[t]he indictment charge [d] the defendants with conspiring to maliciously commit damage and injury to and upon the real property of the Jefferson Standard Broadcasting Company,” while the evidence showed that the property actually belonged to the Duke Power Company. Id. at 34, 62 S.E.2d at 499. Relying upon Mason and subsequent cases cited in Hicks, we concluded that there was a fatal variance. Id. at 34, 62 S.E.2d at 499. Hicks confirms the vitality of our long-standing rule that indictments for injury to real property must identify the owner or lawful possessor of the property. In a later case we cited Hicks to establish that for the offense of “malicious injury to property,” “it is necessary to allege in the warrant *747 or bill of indictment the rightful owner or possessor of the property, and the proof must correspond with the charge.” Cooke, 246 N.C. at 520, 98 S.E.2d at 887. Similarly, the North Carolina Court of Appeals has relied upon Hicks, Cooke, and Mason in concluding that an indictment for injury to real property must name either the owner or lawful possessor of the property. State v. Lilly, 195 N.C. App. 697, 702-03, 673 S.E.2d 718, 722, disc. rev. denied, 363 N.C. 586, 683 S.E.2d 214 (2009).
Contrary to the majority’s suggestion, this principle was not affected by the enactment of the Criminal Procedure Act “to simplify criminal proceedings.” State v. Freeman, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985). The Criminal Procedure Act confirms that “every element of a criminal offense” must be alleged by the indictment. N.C.G.S. § 15A-924(a)(5) (2015). Although section 14-127 does not state that the injured property must be that of another, common sense dictates that this element is implied. See Mason, 35 N.C. (13 Ired.) at 343 (making a similar implication with respect to a similar statute), hi addition, section 14-127 requires that the defendant have acted “willfully and wantonly.” N.C.G.S. § 14-127. Willfulness refers to “the wrongful doing of an act without justification or excuse, or the commission of an act purposely and deliberately in violation of law.” State v. Arnold, 264 N.C. 348, 349, 141 S.E.2d 473, 474 (1965) (per curiam) (citation omitted). “Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others.” Hinson v. Dawson, 244 N.C. 23, 28, 92 S.E.2d 393, 397 (1956) (citations omitted). In the context of injury to real property, the elements of willfulness and wantonness cannot be shown when a person injures his or her own property. This Court’s established definition of wantonness explicitly provides the reference to “the rights ... of others” that section 14-127 omitted. Furthermore, ownership of real property provides a complete justification for causing damage to it— including total demolition and replacement of buildings and fixtures. As a result, even though section 14-127 does not set out the element explicitly, the statute implicitly requires the State to show that the property belonged to another. See State v. Chamberlain, 232 N.C. App. 246, 253, 753 S.E.2d 725, 730 (2014) (“[I]t was for the jury to determine whether the shrubs [belonging to a neighbor] were planted on [the neighbor’s] property or Defendant’s and whether Defendant was legally justified in cutting them down.”). As this Court’s jurisprudence establishes, this element must be alleged in the indictment.
Applying this long-standing rule in the case sub judice, it is clear that the indictment is fatally defective. “When alleging ownership in an entity, an indictment must specify that the owner, ‘if not a natural person, *748 is a corporation or otherwise a legal entity capable of owning property,’ unless the entity’s name itself ‘imports an association or a corporation capable of owning property.’ ” State v. Campbell, 368 N.C. 83, 86, 772 S.E.2d 440, 443 (2015) (quoting State v. Thornton, 251 N.C. 658, 661, 111 S.E.2d 901, 903 (1960)). In Campbell we held that a larceny indictment identifying the property owner as “Manna Baptist Church” was sufficient because “alleging ownership of property in an entity identified as a church or other place of religious worship, like identifying an entity as a ‘company’ or ‘incorporated,’ signifies an entity capable of owning property.” Id. at 87, 772 S.E.2d at 444. At the same time, we distinguished Thornton, in which “an indictment alleging the defendant embezzled money belonging to ‘The Chuck Wagon’ was ‘fatally defective’ because it failed to allege ‘that “The Chuck Wagon” is a corporation, and the words “The Chuck Wagon” do not import a corporation.’ ” Id. at 86, 772 S.E.2d at 443 (quoting Thornton, 251 N.C. at 662, 111 S.E.2d at 904). Here the indictment alleges that defendant damaged real property belonging to “Katy’s Great Eats,” a name which — like The Chuck Wagon — does not import a corporation or other legal entity capable of owning property.
Today the majority disposes of a well-established requirement without acknowledging over a century of precedent supporting the existence of that requirement. Even as the majority overturns the decision of the Court of Appeals in Lilly, it ignores that decision’s reliance upon Cooke, Hicks, and Mason. Therefore, I respectfully dissent.
Justice ERVIN joins in this dissenting opinion.

. The statute at issue in Hicks, unlike the statutes at issue in other cases cited in this dissent, required that there be damage to the property “of another” as a precondition for a finding of liability. See 233 N.C. at 34, 62 S.E.2d at 499.