STATE v. JOSEPH T. BROWN, ALIAS JOE THOMAS FINCH.

(Filed 24 February, 1965.)

**Criminal Law §§ 100, 139; Larceny § 7—**

The Supreme Court, in the exercise of its supervisory jurisdiction, may in a prosecution for breaking and entering and larceny take notice of a variance between the indictment and proof as to the ownership of the property, even though no motion to nonsuit appears in the record and the matter is not pressed on the appeal. Constitution of North Carolina, Art. IV, § 10(1).

APPEAL by defendant from *Froneberger, J.,* January 1964 Session of BUNCOMBE.

Criminal prosecution tried on a bill of indictment (No. 63-1016) charging defendant in three separate counts: *First,* with feloniously breaking and entering a certain building occupied by "Stroup Sheet Metal Works, H. B. Stroup, Jr., owner," with intent to steal; *second,* with the larceny of 2,000 blank checks of the value of $30.00, the property of "Stroup Sheet Metal Works, H. B. Stroupe, Jr., owner"; and *third,* with receiving said articles with knowledge they had been stolen, with felonious intent. The bill charges the alleged offenses were committed on November 20, 1963.

The jury found defendant guilty of breaking and entering as charged in the first count and of larceny as charged in the second count. Judgments imposing prison sentences were pronounced.

Defendant excepted and gave notice of appeal.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*G. Edison Hill for defendant appellant.*

STATE *v.* BROWN.

BOBBITT, J.   The record indicates defendant was tried and convicted at December 1963 Session on a bill of indictment (No. 63-1015) charging other criminal offenses and that judgment imposing a prison sentence was then pronounced.

The record contains an affidavit of defendant in which he states: "That he is the defendant in the above numbered (Nos. 63-1015 and 63-1016) cases; that he was found guilty in all counts and from the imposition of the sentence in each count he gave notice of appeal to the Supreme Court in open court; that he was represented by Carl Loftin in Case No. 63-1015 but does not desire his services in connection with his appeal; that he was represented by Robert E. Riddle in Case No. 63-1016 but does not desire his services in connection with his appeal; that he wishes to appeal in *Forma Pauperis* and handle his own appeal in each case."

In No. 63-1015, this Court, allowing the Attorney General's motion therefor, dismissed the appeal for failure to comply with Rule 17, Rules of Practice in the Supreme Court, 254 N.C. 783, 793.

In No. 63-1016, this Court, treating a communication from defendant as a petition for *certiorari,* ordered, *inter alia,* that the case be "remanded to Buncombe County to the end that counsel be appointed to bring up defendant's appeal." Thereafter, G. Edison Hill, Esquire, was appointed counsel to perfect defendant's appeal.

As indicated, the first and second counts in the bill of indictment relate to a building occupied by and to property of "Stroup Sheet Metal Works, H. B. Stroup, Jr., owner." The only evidence purporting to identify the occupant of the place of business and the ownership of the property is the testimony of Jack Arden. Mr. Arden testified: "I am Secretary-Treasurer of the Stroup Sheet Metal Works, Inc." It appears from this testimony that the occupant and owner is a corporation. The evidence contains no reference to "H. B. Stroup, Jr.," referred to in the indictment as owner of Stroup Sheet Metal Works. Thus, the record discloses a fatal variance between the indictment and the proof. *S. v. Stinson,* 263 N.C. 283, 139 S.E. 2d 558, and cases cited.

The record before us does not show defendant's trial counsel moved to dismiss as in case of nonsuit. Nor does defendant's appellate counsel call attention thereto. Indeed, the record before us does not comply with Rules 19(3) and 21, and the brief for appellant does not comply with Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, *et seq.* Even so, defendant's conviction herein is not a bar to a subsequent prosecution based on like charges relating to a building occupied by and property of Stroup Sheet Metal Works, Inc. *S. v. Stinson, supra.*

Under the circumstances, we deem it appropriate, in the exercise of our general supervisory jurisdiction, N. C. Constitution, Article IV, § 10(1), to take notice of said fatal variance *ex mero motu.* Hence, the verdict and judgment in No. 63-1016 are vacated; and it is ordered that the action be and it is dismissed "as in case of nonsuit" for fatal variance between the indictment and proof.

Reversed.