STATE OF NORTH CAROLINA v. LEROY WATSON.

(Filed 12 January, 1968.)

**Safecracking § 2; Indictment and Warrant § 17—**

There is a fatal variance between pleading and proof where the indictment alleges the forcible opening of a safe of a named person, and the evidence is that the safe is owned solely by a corporation, and it was error to deny defendant's motion of nonsuit at the close of all the evidence.

APPEAL by defendant from *Carr, J.,* at the 7 August 1967 Criminal Session of ORANGE.

The defendant was tried upon an indictment, proper in form, charging that on 22 January 1967 the defendant "unlawfully, wilfully and feloniously did, by the use of tools, force open a safe of R. C. H. Harriss, used for storing chattels, money and other valuables." The jury found him guilty as charged in the indictment and he was sentenced to confinement in the State Prison for ten to twelve years.

The evidence for the State, if true, is sufficient to support the finding that on the date specified in the bill of indictment someone, with the use of tools, forced open the bottom drawer of a fireproof, metal file cabinet which was "owned by Harriss-Conners Chevrolet, Inc.," and located in the office of that company. Robert Cornell Harriss is the president and one of the principal stockholders of the corporation. The cabinet which was broken into was not owned by him "personally." In it the corporation kept money and documents,

the amount of money customarily kept in the cabinet being approximately $150. The cabinet was constructed so as "to make the same fireproof," its walls, constructed of sheet metal and plaster, being one and one-half inches thick and it having a "push type tumbler lock that locks at the top and locks all four drawers of the cabinet at the same time." At the time of the break in, there was about $145 in the cabinet, which was found to be missing upon the discovery of the break in.

Other evidence introduced by the State, which it is not now necessary to recount, tended to identify the defendant as the person who so forced open the drawer of the file cabinet.

*Attorney General Bruton and Staff Attorney Vanore for the State.*
*Haywood, Denny & Miller by James H. Johnson, III, for defendant.*

PER CURIAM. The defendant's motion for judgment as of nonsuit, made at the conclusion of the State's evidence and renewed at the conclusion of all the evidence, should have been granted. The indictment charged that the defendant forced open "a safe of R. C. H. Harriss." The State's evidence shows that the cabinet forced open on the occasion in question was the property of Harriss-Conners Chevrolet, Inc. This was a fatal variance between the offense charged in the indictment and the proof. *State v. Brown,* 263 N.C. 786, 140 S.E. 2d 413; *State v. Stinson,* 263 N.C. 283, 139 S.E. 2d 558. "It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. The allegation and proof must correspond." *State v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149. "In indictments for injuries to property it is necessary to lay the property truly, and a variance in that respect is fatal." *State v. Mason,* 35 N.C. 341.

Since the judgment below must be reversed because of the above mentioned variance between the indictment and the proof, it is unnecessary for us to consider, and we do not express any opinion upon, the defendant's further contention that the file cabinet shown to have been broken open was not a "safe" within the meaning of G.S. 14-89.1.

The solicitor may, if so advised, present another bill of indictment correctly alleging the ownership of the container which he contends was forced open in violation of the above statute.

Reversed.