STATE OF NORTH CAROLINA v. RICHARD LEE BLACKBURN AND HAROLD DEAN HOLLAND

No. 6927SC382

(Filed 19 November 1969)

1. Criminal Law § 92— trial of two defendants — consolidation of indictments

Where the two defendants are charged in separate indictments with breaking and entering the same building at the same time and with the larceny of the same property, the trials of the defendants are properly consolidated upon motion of the State.

**2. Criminal Law § 170— prejudicial error during trial — motion to dismiss attorney**

Defendant was not prejudiced by the refusal of the trial court to grant the co-defendant's motion to discharge the co-defendant's appointed counsel.

**3. Burglary and Unlawful Breakings § 5;  Larceny § 7—  prosecution — sufficiency of evidence — recent possession — failure of watchdog to bark**

In a consolidated trial of two defendants for breaking and entering and larceny, question of co-defendant's guilt was properly submitted to the jury, where evidence of the State showed that a store was broken and entered, that articles found in the automobile in which co-defendant was riding as a passenger had been taken from the store, that the watchdog in the store had once been owned by the co-defendant, and that the owner of the store did not hear a sound from the dog during the night of the offense.

**4. Searches and Seizures § 2;  Criminal Law § 84—  search of automobile — consent of defendant — admissibility of evidence**

Testimony by a police officer on *voir dire* that he stopped the defendant's automobile for a routine license check, that he saw through the window some dishes and pots in the back seat, that he asked the defendant's permission to search the automobile, and that the defendant replied "Yes, go ahead," *held* sufficient to support the court's findings and conclusion that defendant consented to the search of the automobile; the evidence seized in the search was properly admitted on trial.

**5. Searches and Seizures § 1—  search of the person — lawful arrest**

A search of defendant's person made after the arrest of defendant for carrying a concealed weapon in his automobile *held* lawful.

**6. Criminal Law § 84—  evidence obtained in search — different offense**

Evidence of a different offense from the crime for which defendant was arrested and lawfully searched is competent evidence on the trial of such defendant for that different offense.

APPEAL by defendants from *Thornburg, S.J.,* 3 March 1969 Special Session of Superior Court held in CLEVELAND County.

This is a criminal action in which each defendant was charged, in separate but similar bills of indictment, with breaking and entering and larceny. Each defendant is charged with breaking and entering the same building at the same time and stealing the same property. Upon motion of the State, the trials of defendants were consolidated.

On 8 November 1968 at about 2:15 a.m., defendant Richard Lee Blackburn (Blackburn) was driving his 1956 Chevrolet automobile North of Shelby on Highway #150. Defendant Harold Dean Holland (Holland) was riding in Blackburn's car in the right front

passenger seat. Cleveland County Deputy Sheriff Paul Barbee (Barbee) was on a routine patrol with off-duty City of Shelby Policeman G. A. Poston (Poston). Barbee observed defendant's car advancing toward Cherryville at a slow rate of speed. Barbee and Poston followed for a short distance and then stopped defendants for a routine license check. Barbee and Poston got out of the police car and approached defendant's car. Barbee asked Blackburn to produce his driver's license. Defendant Blackburn did not do so, and Barbee advised him he would have to arrest him for driving without a driving permit and asked Blackburn to get out of the car. Blackburn got out and after a while produced his driver's license. Shortly after Blackburn got out of the car, defendant Holland got out of the car and walked around toward Barbee. Holland was drunk and Barbee placed him under arrest for public drunkenness. Barbee then searched Holland and found two boxes of .22 cartridges and some coins in his pockets. These cartridges were stolen from Jerry Cooke's store only a short time before.

Barbee noticed some dishes and pots and pans in the back seat of Blackburn's car. Barbee asked Blackburn if "he minded if I look through the car" and Blackburn replied, "Not a bit in the world." Barbee and Poston then searched the car and found a gun case on the back seat of the car, four pistols under the front seat of the car, and some coins. Two of the pistols were under the driver's seat and two were under the passenger's seat where Holland had been sitting. The pistols consisted of one 25-calibre automatic pistol (Spanish), one 22-calibre Italian pistol, one Rossi pistol, and one 22-calibre Rossi pistol. All of the pistols and the gun case had been stolen from Jerry Cooke's store unbeknown to the police officers.

Blackburn was then arrested for carrying a concealed weapon and was searched by Barbee. Barbee found two boxes of cartridges and some coins on Blackburn's person. The boxes of cartridges had been stolen from Jerry Cooke's store unbeknown to the police officers.

The police officers proceeded to Jerry Cooke's Hobby Store and awakened Mr. Cooke at about 2:45 a.m. Mr. Cooke checked the store and found it had been broken into. Cooke testified that the items found in the two defendants' possession had been stolen from the store. Mr. Cooke testified that the store was locked that night at 8:00 p.m. and that everything was in order. Cooke said that he left a dog formerly owned by defendant Holland in the store to warn him if any trouble arose. Cooke said that while he lives only 500 feet from the store, he did not hear the dog bark or any noise from the store that night.

The defendants pleaded not guilty, and the jury found them guilty as charged of both breaking and entering and larceny. The defendants assigned error and appealed to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney Sidney S. Eagles, Jr., for the State.*

*Michael S. Kennedy for defendant appellant, Richard Lee Blackburn.*

*John D. Church for defendant appellant, Harold Dean Holland.*

MALLARD, C.J.

### Appeal of Defendant Holland

[1] The defendant Holland assigns as error the refusal of the trial judge to sever the trials of the two defendants and the trial judge's refusal to nonsuit the State as to Holland after the State had presented its evidence.

As to the trial judge's refusal to sever the defendants' trials, the correct rule is stated in 2 Strong, N.C. Index 2d, Criminal Law, § 92:

> "Indictments charging several defendants with committing the same offense based upon a single occurrence are properly consolidated for trial, at least when there is no reason to anticipate that the State would offer an admission of either defendant which might prejudice the other. . . .
>
> \*          \*          \*
>
> Where three defendants are charged in separate indictments with larceny of specified personalty from a specified store and with breaking and entering and safebreaking at said store, the court may properly consolidate the indictments for trial, the offenses charged being of the same class and so connected in time and place that evidence at the trial of one would be competent and admissible at the trial of the others.
>
> \*          \*          \*
>
> Ordinarily, a motion for severance is addressed to the discretion of the trial court, to be determined in each particular case on the basis of possible prejudice in a joint trial."

The indictments in these cases charged each defendant with breaking and entering the same store. The crime was alleged to have been committed jointly. As such, trial was properly consolidated and motion for severance properly denied.

[2] Before the jury was selected Blackburn stated he would like to discharge his appointed counsel and "disregard that not guilty

plea and take the Fourth Amendment." The judge made appropriate findings in the absence of potential jurors and declined to discharge counsel. We do not agree with Holland's contention that this episode was prejudicial to him.

[3]  Defendant Holland next assigns as error the failure of the trial judge to allow his motion for judgment as of nonsuit.

The applicable rule on nonsuit of the State is stated in *State v. Church*, 265 N.C. 534, 144 S.E. 2d 624 (1965):

> "Upon a motion for judgment of nonsuit the evidence offered by the State must be taken in the light most favorable to the State and conflicts therein must be resolved in the State's favor, the credibility and effect of such evidence being a question for the jury."

In this case the State has shown that a store was broken into and articles found in defendant's possession were taken therefrom; that the defendants were a short distance from the store which had been broken into; that the store had been broken into only a short time before; that a dog left in the store to warn the owner of intruders had been owned by defendant Holland; and that the owner of the store did not hear a sound from the dog. The inference which could reasonably be made from the State's evidence would tend to show that the defendant Holland took part in the breaking and entering and larceny. The credibility and effect of such evidence is for the jury.

We are of the opinion that there was sufficient evidence of defendant's guilt under the indictment to go to the jury.

### Appeal of Defendant Blackburn

[4]  Defendant Blackburn assigns as error the refusal of the trial judge to exclude evidence seized as a result of the search of defendant's car and defendant's person.

The defendant contends that his car was illegally searched. He testified that he was assaulted and threatened and did not voluntarily give his permission for a search of his automobile. The State presented evidence which tended to show that the defendant Blackburn gave his consent to the search.

Deputy Sheriff Barbee testified:

> "I saw some dishes and pots in the back seat by looking through the glass. The car was registered in Blackburn's name. As Blackburn was standing by the car, I asked him if he would mind my

looking in his car. As I started walking back toward the trunk of the car, Blackburn said, 'Not a bit in the world.'

I couldn't get the trunk lid opened and Blackburn opened it for me. After I searched the trunk, I asked Blackburn if he minded my searching inside the car and he said, 'Not a bit.' I walked to the driver's side and found a large amount of coins lying on the floor right under the driver's seat. I found two pistols up under the seat on the driver's side.

Officer Poston was standing on the other side of the car and I told him to look up under the front seat. He pulled out two more guns. There was one .25 automatic Spanish pistol, one .22 caliber made in Italy, one 32 caliber Rossi and one 22 caliber Rossi — four guns totaled."

Officer G. A. Poston testified:

"Blackburn said 'Yes, go ahead' when Barbee asked him to search the car. Officer Barbee then searched the front of the car. . . .

\*          \*          \*

. . . Officer Barbee saw money lying in the floorboard of the car on the driver's side. He asked him if he could search the car and Blackburn gave him permission to search. Officer Barbee got the money out of the floorboard of the car and as he did he saw a pistol under the front driver's seat, and he took the pistol out from under the seat and placed Mr. Blackburn under arrest for carrying a concealed weapon."

The trial judge, after holding a *voir dire,* found and concluded that:

"(O)n the morning of November 8, 1968, the defendant, Richard Lee Blackburn, was operating a 1955 or 1956 Chevrolet, going north on highway 150, and had as a passenger in his vehicle and seated in the right front seat the defendant Harold Dean Holland; that the vehicle was stopped by Officer Barbee, a member of the Cleveland County Sheriff's Department; that at the time and place the vehicle was stopped, the defendant, Blackburn, told Officer Barbee after a request being made that he could search the Blackburn vehicle if he chose to do so; that prior to the time this statement was made, the defendant, Blackburn, had not been threatened in any manner, or intimidated or coerced in any manner, and that the consent was understandingly, voluntarily, freely, and willingly given; that pursuant to the permission given by the defendant, Richard Lee Blackburn,

a search of the vehicle was made, at which time certain pots, pans, coins, guns, and gun cases were found; that both the defendant, Blackburn, and the defendant, Holland, were placed under arrest for carrying a concealed weapon; that after the arrest for the carrying of a concealed weapon, Officer Barbee did search the persons of the defendants, Blackburn and Holland, finding upon their persons certain coins and 22 cartridges; that at the time the vehicle was stopped and without the necessity of permission to search, certain pots, pans, and other items were visible in the vehicle; that the defendant, Blackburn, owned the vehicle, or had the vehicle under his control; that the defendant Holland, was in his presence at all times; that the defendant, Blackburn, had a legal right to permit the search of the vehicle; that neither the defendant, Blackburn, nor the defendant, Holland, at any time objected to the search made by Officer Barbee."

The applicable rule as to the findings of the trial judge on *voir dire* and the necessity of a waiver of defendants' right not to be searched without a search warrant is stated in 7 Strong, N.C. Index 2d, Searches and Seizures, § 2:

"Where a person consents to a search by officers of the law, such consent dispenses with the necessity for a search warrant. However, the presumption is against the waiver of the constitutional right to be free from unreasonable searches and seizures, and the burden is upon the state to establish unequivocally that the consent was voluntarily, freely, and intelligently given, free from coercion, duress, or fraud. Upon the voir dire to determine the voluntariness of defendant's consent to a search of his premises, *the weight to be given the evidence is peculiarly a determination for the trial judge, and his findings are conclusive when supported by competent evidence.*" (Emphasis Added.) See also *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968).

The findings of the trial judge were based on competent evidence and the conclusion of the trial judge that the defendant consented to the search are supported by the findings of fact. The evidence seized in the search was properly admitted in the trial as evidence of the crime charged.

[5]    As to the search of defendant Blackburn's person, both defendant Blackburn and defendant Holland were searched after each was arrested. Defendant Holland was searched after he was arrested for public drunkenness; defendant Blackburn was searched after he had been arrested for carrying a concealed weapon found under the

front seat of the car. The applicable rule is stated in *United States v. Rabinowitz*, 339 U.S. 56, 70 S. Ct. 430, 94 L. Ed. 653 (1950):

"Where one had been placed in the custody of the law by valid action of officers, it was not unreasonable to search him."

[6]  It is also a rule that evidence of a different offense from the crime for which defendant was arrested and lawfully searched is competent evidence on the trial of such defendant for that different offense. *Harris v. United States*, 331 U.S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399 (1946); *State v. Grant*, 248 N.C. 341, 103 S.E. 2d 339 (1958); 2 Strong, N.C. Index 2d, Criminal Law, § 84.

Applying the above rules, we hold that the officers had the right to conduct the search of defendant Blackburn and that the evidence thus obtained was properly admitted in this case by the trial judge.

We have examined all other assignments of error not abandoned by these defendants on this appeal and find no prejudicial error.

No error.

MORRIS and HEDRICK, JJ., concur.