STATE OF NORTH CAROLINA v. CHARLES ROBERT BENTON

No. 705SC469

(Filed 30 December 1970)

1. **Burglary and Unlawful Breakings § 5; Indictment and Warrant § 17— variance between indictment and proof — description of premises**

There was a fatal variance between pleading and proof in a felonious breaking and entering prosecution, where the indictment alleged the breaking and entering of a building located at "2024 Wrightsville Ave., Wilmington, N. C., known as the Eakins Grocery Store, William Eakins, owner/possessor," but the evidence related to a store, the nature of which was not disclosed, located at 2040 Wrightsville Avenue in the City of Wilmington, and owned and operated by William Adkins.

2. **Indictment and Warrant § 17— variance between pleading and proof — motion for nonsuit**

Question of fatal variance between indictment and proof was properly presented by defendant's motion for nonsuit on the ground that the evidence was insufficient to connect defendant with the alleged crime.

APPEAL by defendant from *Cowper, J.,* 4 March 1970 Session of NEW HANOVER Superior Court.

Defendant was indicted for felonious breaking and entering "the building located 2024 Wrightsville Ave., Wilmington, N. C., known as the Eakins Grocery Store, William Eakins, owner/possessor. . . . " He pleaded not guilty. At the close of the State's evidence the court allowed defendant's motion for a directed verdict of not guilty as to felonious breaking and entering, and denied a similar motion as to non-felonious breaking and entering. At the close of all the evidence, defendant again moved for a directed verdict of not guilty on the charge of non-felonious breaking and entering. The motion was again denied and the case was submitted to the jury on the issue of defendant's guilt or innocence of the misdemeanor of wrongful breaking or entering. The jury returned a verdict of guilty and prison sentence for a term of eighteen months was imposed. Defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Rafford E. Jones for the State.*

*Goldberg & Scott, by Herbert P. Scott for defendant appellant.*

State v. Benton

PARKER, Judge.

[1] Defendant assigns as error the refusal of the court to grant his motion for a directed verdict at the close of all the evidence on the ground that the evidence was insufficient to carry the case to the jury. Defendant was tried on an indictment charging him with breaking and entering "the building located 2024 Wrightsville Ave., Wilmington, N. C., known as the Eakins Grocery Store, William Eakins, owner/possessor." All of the evidence, however, related to a store, the nature of which was not disclosed, located at 2040 Wrightsville Avenue in the City of Wilmington, owned and operated by William Adkins. Thus, the record discloses a fatal variance between the indictment and the proof. *State v. Brown*, 263 N.C. 786, 140 S.E. 2d 413. Defendant must be convicted, if convicted at all, of the particular offense or a lesser degree thereof charged in the bill of indictment. The allegation and proof must correspond. *State v. Watson*, 272 N.C. 526, 158, S.E. 2d 334.

[2] In his brief on this appeal, appellant made no mention of the variance noted but contended his motion should have been allowed for that the evidence was insufficient to connect defendant with the breaking and entering and raised no more than a conjecture as to his guilt. "Even so, the question presented by defendant's assignment of error is whether the evidence was sufficient rather than whether defendant's particular contention is valid." *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266.

The solicitor may, if so advised, present another bill of indictment correctly alleging the premises which were broken and entered. *State v. Watson, supra.* For the fatal variance between the indictment and proof, the judgment in the present case is

Reversed.

Chief Judge MALLARD and Judge GRAHAM concur.