State v. McCall and State v. Sanders and State v. Hill

STATE OF NORTH CAROLINA v. MELVIN McCALL
— AND —
STATE OF NORTH CAROLINA v. SAMUEL SANDERS
— AND —
STATE OF NORTH CAROLINA v. BILLIE HILL

No. 717SC417

(Filed 4 August 1971)

1. Criminal Law § 92— consolidation of larceny charges against three defendants

The trial court did not err in consolidating for trial prosecutions against three defendants for the larceny of money from a Piggly Wiggly Store. G.S. 15-152.

2. Larceny § 6— testimony as to amounts of money found on defendants and another

In this prosecution of three defendants for larceny, the trial court did not err in the admission of testimony by a police officer that each defendant, when arrested, had between $20 and $25 on his person and that a fourth occupant of the car in which defendants were riding had $221, the testimony being offered to show why defendants were charged with larceny of a greater amount than that found in a paper bag which had been thrown from defendants' car.

3. Indictment and Warrant § 17— larceny — variance — ownership of stolen money

There was no fatal variance between indictment and proof where the indictment charged the larceny of money from "Piggly Wiggly Store #7," and witnesses referred to the store as "Piggly Wiggly in Wilson," "Piggly Wiggly Store," "Piggly Wiggly," and "Piggly Wiggly Wilson, Inc.," there being no evidence that any other Piggly Wiggly store existed in the city or county, and there being nothing to indicate that the defendants, witnesses or jurors were confused by the difference in names.

4. Indictment and Warrant § 17— larceny — variance as to amount stolen

There was no fatal variance where the indictment charged felonious larceny of $1948 and the evidence showed felonious larceny of $1748.

5. Larceny § 8— instructions on doctrine of recent possession

In this prosecution of three defendants for larceny of money from a grocery store, evidence tending to show that a witness saw the defendants run from the store carrying a paper bag, enter a car and drive away, and that a paper bag containing the money was thrown from the right front seat of a car occupied by defendants and two others while the car was being chased by a patrolman a short time later, *held* sufficient to justify instructions as to all defendants on the doctrine of recent possession, notwithstanding the right front seat of the car was occupied by a person who is not a defendant.

State v. McCall and State v. Sanders and State v. Hill

APPEAL by defendants from *Martin, Special Judge,* 4 January 1971 Session of WILSON Superior Court.

Defendants were charged, in separate bills of indictment, with larceny of $1,948.00 from Piggly Wiggly Store #7, a corporation, on 24 July 1970. Upon motion of the State, the trials of defendants were consolidated.

Evidence for the State tended to show: The manager of the Piggly Wiggly store in Wilson, North Carolina, Hilton Kennedy, on 24 July 1970, approached the door to the office of the store and saw someone crouched behind the door. As he entered the office he saw a long screwdriver and a money bag lying on the floor and concluded that the store had been robbed. He immediately hollered to his employees and called the police. An employee of the store, Thomas Tyndall, saw the defendants run from the store carrying a paper bag, get into a car, and drive away. Tyndall obtained the license number and description of the car in which defendants left.

State Highway Patrolman Conwell testified: He had been given, by radio, a description and license number of a car to watch for. While watching traffic, he observed a car fitting the description given him and occupied by defendants. He gave chase and as he closed in on the car, a bottle and a paper bag were thrown from the front seat of the car on the passenger's side. Noting where the bag had been thrown, Patrolman Conwell apprehended defendants and two other occupants of the car some distance down the road. After assistance arrived at the scene, he went back to where the bag had been thrown and found the bag along with some scattered money around it. He put the money back in the bag and turned it over to Detective Johnny Moore of the Wilson Police Department.

Detective Moore testified that the bag contained $1,749.00 in paper money and that he made a search of the occupants of the car. Further testimony by Detective Moore is hereinafter referred to.

The jury returned a verdict of guilty as charged. Defendant McCall was given a prison sentence of three to five years, and defendants Hill and Sanders prison sentences of seven to ten years each. They appealed.

*Attorney General Robert Morgan by Assistant Attorney General Henry T. Rosser for the State.*

*Lucas, Rand, Rose, Meyer, Jones & Orcutt by David S. Orcutt for defendant appellants.*

BRITT, Judge.

[1]  Defendants first assign as error the denial of their motions for separate trials and the allowance of the State's motion to consolidate the cases against them for the purpose of trial. This contention is without merit. The offenses charged were so connected and tied together in time, place, and circumstances as to make one continuous criminal episode. In such cases, there is ample authority for a consolidation. G.S. 15-152; *State v. Hamilton*, 264 N.C. 277, 141 S.E. 2d 506 (1965); *State v. Walker*, 6 N.C. App. 447, 170 S.E. 2d 627 (1969). See also, *State v. Blackburn*, 6 N.C. App. 510, 170 S.E. 2d 501 (1969). The motions made by defendants and by the State were addressed to the sound discretion of the trial judge. *State v. Walker, supra.* No abuse of discretion having been shown, the assignments of error are overruled.

[2]  Defendants' next assignment of error is directed to the testimony of Detective Moore of the Wilson Police Department concerning his reasons for charging defendants with larceny of $1948.00 rather than $1748.00, the amount found in the paper bag. Detective Moore testified that each defendant had between $20.00 and $25.00 on his person and that a fourth occupant of the car, Robert Holmes, had $221.00. The trial judge overruled an objection and denied a motion to strike. Detective Moore then testified, without objection, that as a result of his investigation and conversations with the occupants of the car the sum of $200.00 was added to the money found in the paper bag. He further stated that he left each occupant of the car with the approximate sum of money that each stated was his own. The admission of this testimony was not error. The search was conducted as an incident of the arrest. The results of the search were offered merely to show how the officers arrived at the amount which defendants were charged with taking. While it may not have been necessary to offer this testimony, no error resulted from its admission.

[3]  Defendants' third assignment of error is directed at the denial of their motions for nonsuit based on an alleged fatal

State v. McCall and State v. Sanders and State v. Hill

variance between the evidence and the bills of indictment. The indictments laid title to the money alleged to have been stolen in Piggy Wiggly Store #7, a corporation. The witnesses referred to the store as "Piggly Wiggly in Wilson," "Piggly Wiggly Store," "Piggly Wiggly," and "Piggly Wiggly Wilson, Inc." In support of their assignment of error defendants rely principally on *State v. Brown,* 263 N.C. 786, 140 S.E. 2d 413 (1965) and *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335 (1967). We think these cases are distinguishable from the instant case. In *Brown,* the bill of indictment referred to a building and property of "Stroup Sheet Metal Works, H. B. Stroup, Jr., owner"; the evidence showed that the property belonged to "Stroup Sheet Metal Works, Inc." The indictment laid ownership in an individual while the evidence showed the ownership to be in a corporation, an entirely different entity. In *Miller,* the indictment charged the defendants with breaking and entering a building "occupied by one Friedman's Jewelry, a corporation." The evidence showed that the occupant of the building was actually "Friedman's Lakewood, Incorporated," that there were three Friedman's jewelry stores in the city, each a separate entity, and that there was in fact a corporation known as "Friedman's Jewelry" with its home office in Augusta, Georgia, and that it was the owner of the property in the building broken into.

In the present case ownership was alleged in a corporation and the evidence showed that it was in a corporation. There was no evidence that any other Piggly Wiggly store existed in the city or the county and nothing to indicate that the defendants, witnesses, or jurors were confused by the difference in the names. Defendants' third assignment of error is overruled.

[4] Defendants' contention that there was a fatal variance between the bill of indictment and the evidence because the indictment alleged felonious larceny of $1948.00 and the evidence showed felonious larceny of $1748.00 (also evidence of $1749) is without merit. The offense charged was that of felonious larceny. In order to distinguish the offense of felonious larceny from misdemeanor larceny, it is necessary to show that the value of the property stolen was more than $200.00. G.S. 14-72. This having been done, a difference between the value alleged in the bill of indictment and the value shown by the evidence is immaterial.

State v. McCall and State v. Sanders and State v. Hill

[5] Defendants' final assignment of error is directed at the charge to the jury on the doctrine of recent possession. Defendants first contend that there was no evidence that the bag containing the money was in the possession of defendants; thus the trial judge should not have charged on recent possession. There is no merit in this contention. The evidence showed that defendants were seen running from the store to the car carrying a paper bag; as the patrolman was chasing, a paper bag was thrown from the right-hand side of the car occupied by defendants and two others; on returning to the spot where the bag was thrown from the car, the patrolman found a bag with $1749 in or around it. Although Robert Holmes was sitting in the front on the right hand side of the car when the bag was thrown out, all of the evidence when considered together warranted a charge on recent possession as to all defendants.

Defendants also contend that the trial judge committed error in failing to charge that money in the possession of Robert Holmes should not be used as evidence unless the jury was satisfied beyond a reasonable doubt that defendants also were in possession of the money. An examination of the charge, considered in its entirety, reveals that the burden of proving every element of the crimes charged, including possession, was placed on the State. This assignment of error is overruled.

We hold that defendants had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and PARKER concur.