STATE OF NORTH CAROLINA v. DAVID EUGENE CRAWFORD

No. 7516SC847

(Filed 7 April 1976)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7; Indictment and Warrant § 17— ownership of premises and stolen property — no fatal variance**

   There was no fatal variance where an indictment alleged the breaking and entering of a building and the felonious larceny of property owned by a corporation and the evidence was conflicting as to whether the owner of the building and stolen property was a corporation since conflicts in the evidence are to be resolved by the jury.

2. **Criminal Law § 84; Searches and Seizures § 2— search of defendant's apartment — consent of another occupant**

   Officers lawfully searched defendant's apartment where another occupant gave them written permission for the search, and evidence disclosed by the search was properly used against defendant.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 15 May 1975 in Superior Court, ROBESON County. Heard in the Court of Appeals 12 February 1976.

The defendant, David Eugene Crawford, was charged in a two-count bill of indictment, proper in form, with the breaking or entering of a building owned by Mobile Home Brokers, Inc., and the felonious larceny of personal property having a value of $531.00 owned by Mobile Home Brokers, Inc. The defendant pleaded not guilty, and the State offered evidence tending to show the following.

On the night of 12 February 1975, two trailers belonging to Mobile Home Brokers, Inc. (Brokers), 510 W. 2nd Street, Lumberton, North Carolina, were broken into and numerous items of personal property were stolen. The trailers were on Brokers' sales lot and had been checked and locked on the evening of 12 February 1975 by John Yow, the local manager. When Yow inspected the units on 13 February, he found that the rear doors "had been forced" open.

Detective Jimmy R. Cook of the Fayetteville Police, acting on a call he had received, went to the defendant's apartment. After getting permission to search from a co-tenant of the defendant's apartment, Detective Cook, along with Detectives W. G. Campbell and W. B. Barefoot, conducted a search of

the premises. Inside they found numerous items of stolen property, some of which Yow later identified as coming from the trailers.

The following day Crawford was arrested and gave a statement to Cook. Crawford admitted participating in the breaking and entering and larceny. He confessed that he accompanied "Nash, Al, Charles, and [his] wife" to Lumberton in a 1969 pickup truck. They broke into trailers in four different trailer parks, stealing property from each of them. They stored some of the property in Crawford's apartment in Fayetteville.

The defendant offered no evidence.

From verdicts of guilty to breaking or entering and felonious larceny and concurrent sentences of 7 to 10 years imposed for each offense, the defendant appealed.

*Attorney General Edmisten by Associate Attorney Jack Cozort for the State.*

*John Wishart Campbell for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant contends that his motion for judgment as of nonsuit, his motion for a new trial, or his motion to set aside the verdict should have been granted. He argues that there was "a fatal variance between allegations of ownership" of the premises entered and of the property taken in the indictment and proof of ownership at trial. The bill of indictment charged the defendant with breaking or entering the premises and larceny of the property of "Mobile Home Brokers, Inc., a corporation." At trial, John Yow testified that he travelled to Fayetteville and identified some of the stolen property which was taken from the mobile home. He testified further that he worked for Mobile Home Brokers. When asked who owned the property, he answered: "It was owned by Mobile Home Brokers, the address that I mentioned before [510 W. 2d St., Lumberton]." The property had been purchased by "our central purchasing in Fayetteville." On cross-examination, he testified that:

> "Mobile Home Industries owned Mobile Home Brokers. It is a wholly owned subsidiary of Mobile Home Industries. As to whether there are any officers of Mobile Home Brokers, Inc., I don't think I understand the question. There

is not a President and Vice President of Mobile Home Brokers, Inc., but there are those officers of Mobile Home Industries."

Later, on cross-examination, Yow testified that: " . . . [He was] not positive that Mobile Home Brokers, as such [was] incorporated. Mobile Home Industries, Inc., is incorporated in Tallahassee, Florida. As far as [he knew], Mobile Home Brokers, Inc., [was] not a corporation."

The allegations of ownership described in a bill of indictment are essential. *State v. Brown,* 263 N.C. 786, 140 S.E. 2d 413 (1965). If the evidence offered at trial fails to show the ownership as alleged in the indictment of the premises entered and the property taken, a motion for judgment of nonsuit should be allowed, both to the charge of breaking or entering and to the charge of felonious larceny. *State v. Eppley,* 282 N.C. 249, 259, 192 S.E. 2d 441, 448 (1972); *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335 (1967); *State v. Brown, supra.* When the evidence as summarized above is considered in the light most favorable to the State, there is at most some conflict in the testimony of witness Yow as to the corporate status of the owner of the property. Conflicts in the evidence are to be resolved by the jury. *State v. Mabry,* 269 N.C. 293, 152 S.E. 2d 112 (1967). In our opinion, the evidence was sufficient for the jury to find that Mobile Home Brokers, Inc., was the owner of the premises and the stolen property and to support the verdicts. *See State v. McCall, State v. Sanders, State v. Hill,* 12 N.C. App. 85, 182 S.E. 2d 617 (1971). This assignment of error is overruled.

[2] Defendant contends that the Fayetteville Police conducted an illegal search of his apartment in violation of his Fourth Amendment Rights. On voir dire Officer Jimmy R. Cook testified that he went to the defendant's apartment with Detective W. G. Campbell. The apartment was one of four in a large house at 224 Davis Street in Fayetteville. The occupant of apartment three stated that Al Broadway paid the rent on apartment four. The officers approached Mr. Broadway, who stood on the porch, and asked him if he rented apartment four. Broadway "stated that he, along with Mr. and Mrs. Crawford lived there." Broadway gave the officers written permission to search before they entered the premises. Once inside they found some of the stolen property which was later identified as belonging to Mobile Home Brokers, Inc. Following the voir

dire examination, the trial court found "that one Allen Broad-way was an occupant of the premises [which was searched], and signed a written permission to search those premises" and concluded that "the officers had a lawful right to enter the premises . . . . " The findings are supported by the evidence and the conclusions are consistent with the findings. The U. S. Supreme Court in *United States v. Matlock,* 415 U.S. 164, 30 L.Ed. 2d 242, 94 S.Ct. 988 (1974), cited the rule as being:

> "That where two persons have equal rights to the use or occupation of premises, either may give consent to a search, and the evidence thus disclosed can be used against either."

This assignment of error is not sustained.

By defendant's next assignment of error, he contends that a statement given by him to the police was "not freely, voluntarily and understandingly made." Again, after an extensive voir dire including introduction of the statement of rights and written waiver of rights form which the defendant signed, the court concluded that the statement was "voluntarily and understandingly made." The findings and the evidence support this conclusion. This assignment of error is overruled.

We have carefully examined the defendant's additional assignment of error and find it to be without merit.

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.