STATE OF NORTH CAROLINA v. ANTHONY LEE REEVES

No. 8215SC1049

(Filed 17 May 1983)

**1. Larceny § 7— property taken without owner's consent—sufficiency of evidence**

Evidence that defendant was asked to stop before he left the store by two store employees; that the employees noticed a bulge in his pants; that both of them followed the defendant outside and both asked him to come back; and that one employee told defendant's female companion that no charges would be

pressed against her if she would cooperate was sufficient evidence to establish that defendant took a jacket from a store without the owner's consent.

**2. Criminal Law § 18.3— arrest warrant—allowance of motion to amend**

Where the trial judge heard arguments from counsel on the propriety of amending a larceny warrant, and where the warrant was amended at trial only to change the owner of the property and did not change the nature of the offense charged, it was not error for the trial judge to allow the State to amend the arrest warrant. G.S. 15A-922(a), G.S. 15A-922(f) and G.S. 15-24.1.

**3. Criminal Law § 73.2— statements concerning ownership of property—not hearsay**

Where a witness testified that the company she worked for was owned by one industry and after voir dire stated that the store was a division of another industry, the statement after the voir dire was not inadmissible hearsay since she did not say that another person said that the store was owned by the industry asserted.

**4. Criminal Law § 99.6— questions of court to witness—no expression of opinion**

The trial judge did not fail to act impartially when he raised an ownership problem in the arrest warrant by questioning a witness since the questions were not asked in the presence of the jury and since the trial judge can properly question a witness to clarify and promote understanding of the testimony. G.S. 15A-1222.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 31 March 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 March 1983.

The defendant was arrested based on a warrant alleging misdemeanor larceny of a suede jacket, which was the personal property of Southland Shirt Outlet in Burlington. The crime was alleged to have occurred on 14 November 1981.

He was found guilty in District Court on 22 December 1981 and sentenced to two years imprisonment. The defendant then appealed to the Superior Court for a trial de novo.

Malcolm Leath, a part-time employee of the Southland Shirt Outlet, testified first for the State. According to Leath, the defendant was in the store on 14 November 1981 between 5:15 and 5:45 p.m. The defendant tried on some jackets and then took some back to the dressing room.

Ann King, another employee who was working at the same time, then came to the front of the store and told Leath to look at the bulge in the defendant's pants. Leath noticed a bulge around

the calf area on both legs, which he had not noticed when the defendant came into the store.

As the defendant started for the door, both Leath and King told him to stop. The defendant stopped at the door and pulled something out of his pocket when Leath approached him. Although Leath did not know what the defendant pulled out, he stepped back.

Leath and King followed the defendant out of the building, remaining about fifteen to twenty feet behind. The defendant went out of their sight when he turned a corner. When Leath turned the corner, he found a garment like one that the defendant tried on in the store.

Leath brought the jacket back into the store. It was introduced at trial as State's exhibit one. Leath testified that the jacket's fair market value was $25.

On cross-examination, Leath said that he could not be "one hundred percent sure" that State's exhibit one was the same jacket as the one that he found outside the store. He did not see the defendant wearing the jacket or see him lay it down outside the store.

King, the District Manager of North Carolina for Southland Shirt Outlet, also testified for the State. Her testimony about the events on 14 November 1981 at the store corroborated the key points of Leath's description of that day.

When King completed her testimony about what happened on the day of the crime, the trial judge asked her what the name of the store was and who owned it. He then sent the jury out of the courtroom and a voir dire examination of King was conducted.

Voir dire proceeded as follows:

Q. Do you know whether Southland Shirt Outlet is an incorporated business?

A. Yes, I think it is.

MR. PAISLEY: Object to what she thinks.

COURT: Sustained.

Q. Who would be able to testify to that?

A. My supervisor, Austin Ericson, out of Wilmington. He's the vice president of the company, you know. I—you could call him or Mr. Fred Block either one if you like. . . .

COURT: I'll grant the State a recess for it to determine what it shall now choose to do in light of the evidence. . . .

CONTINUANCE OF DIRECT EXAMINATION OF ANN KING by MR. MENSER ON VOIR DIRE:

Q. Mrs. King, you work at Southland Shirt Outlet?

A. Yes, sir.

Q. And is that a division of some corporation?

A. Okay. It's a—

MR. PAISLEY: Objection, your Honor. She has already indicated that she was not sure previously. I would object, sir.

COURT: Over—

A. Now—

COURT: —overruled. You may cross-examine her on voir dire about whatever she says.

DEFENDANT'S EXCEPTION NO. 4

A. I know for a fact that we are a division of N.S.I., which is National Service Industries, Incorporated. We do business as Southland Shirt Outlet.

At the close of voir dire, the trial judge allowed the State's motion to amend the warrant to allege ownership in National Service Industries, Inc. d.b.a. Southland Shirt Outlet.

King then testified in front of the jury that Southland Shirt Outlet was owned by National Service Industries, Inc. She explained her earlier testimony that the store was owned by Block Industries by stating that the store used to be known by that name.

On cross-examination, King stated that she did not see the defendant leave with State's exhibit one or drop the jacket. The

defendant's motions for a dismissal and to quash the warrant were denied at the close of the State's evidence.

Leath was the defendant's only witness. He testified that he did not know who owns the company he works with and that the defendant had no difficulty in walking out of the store. The defendant's motion to dismiss at the close of all the evidence was denied.

Following the jury's verdict of guilty and a two-year sentence by the trial judge, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*John P. Paisley, Jr., for defendant-appellant.*

ARNOLD, Judge.

[1] The defendant first argues that his motions to dismiss should have been granted. In passing on a motion to dismiss, it is the court's duty to ascertain if there is substantial evidence of each essential element of the offense charged. *State v. Hutchins,* 303 N.C. 321, 344, 279 S.E. 2d 788, 803 (1981). "Substantial evidence" is defined as that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Fletcher,* 301 N.C. 709, 712, 272 S.E. 2d 859, 860-61 (1981).

The evidence must be interpreted in the light most favorable to the State, drawing all reasonable inferences in the State's favor. *State v. Porter,* 303 N.C. 680, 685, 281 S.E. 2d 377, 381 (1981). Applying these standards to the facts before us, we hold that the motions to dismiss were properly denied.

To convict a defendant of larceny, it must be shown that he (1) took the property of another; (2) carried it away; (3) without the owner's consent, and (4) with the intent to deprive the owner of the property permanently. *State v. Perry,* 305 N.C. 225, 235, 287 S.E. 2d 810, 816 (1982); *State v. McCrary,* 263 N.C. 490, 492, 139 S.E. 2d 739, 740 (1965). G.S. 14-72(a) provides that larceny of goods with a value of not more that $400 is a misdemeanor. There is no dispute here that the jacket taken was worth less than $400.

The defendant contends that it has not been shown that the jacket was taken without the owner's consent. We disagree.

The evidence showed that the defendant was asked to stop before he left the store by Leath and King. They wanted to talk to him because King noticed a bulge in his pants. Both of them followed the defendant outside and both asked him to come back. King told the defendant's female companion that no charges would be pressed against her if she would cooperate.

This evidence, when considered under the tests for a motion to dismiss, is sufficient to establish the fact that the taking was without consent.

[2] The second exception raised by the defendant is that the trial judge should not have been allowed to amend the arrest warrant during the trial.

In this misdemeanor case, the warrant for arrest serves as the State's pleading. G.S. 15A-922(a). An allegation of ownership in the person from whom the property was taken is essential. *See State v. Greene*, 289 N.C. 578, 584, 223 S.E. 2d 365, 369 (1976). The warrant "may be amended at any time prior to or after final judgment when the amendment does not change the nature of the offense charged." G.S. 15A-922(f). We also note G.S. 15-24.1, which allows for amendment of a warrant in superior court "when there shall appear to be any variance between the allegations in the warrant and the evidence in setting forth the ownership of property if, in the opinion of the court, such amendment will not prejudice the defendant."

Amending the arrest warrant at trial to change the owner of the property taken does not change the nature of the offense charged. After the amendment, defendant was tried for the same offense that is alleged in the warrant.

In addition, the trial judge heard arguments from counsel on the propriety of amending the warrant. We can only assume that he then allowed the amendment in the belief that it would not prejudice the defendant.

[3] The defendant also contends that it was error to let King's testimony on ownership be based on hearsay. King first testified in front of the jury that Southland Shirt Outlet was owned by Block Industries. On voir dire, she stated that the vice-president of the company or Fred Block could tell who owned the company. The trial judge then granted the State a recess.

After the break, King was allowed to testify over the defendant's objection that the store is a division of National Services Industries, Inc. The defendant contends that King's testimony was based on information generated during the recess and is inadmissible hearsay.

Hearsay is defined in North Carolina as an assertion of a person, other than the witness in his present testimony, which is offered to prove the truth of the matter asserted. *See* 1 Brandis, N.C. Evidence § 138 (2nd rev. ed. 1982).

An examination of the transcript when King was testifying reveals that her statements about who owned the store might not be hearsay. She did not say that another person said that the store was owned by National Services. Her testimony after the recess was no more hearsay than were her statements before it about ownership. Both were based on what someone had told her.

Even if her testimony about ownership was hearsay, we find that it was not prejudicial. The defendant has not carried his burden on this point. *See State v. White*, 298 N.C. 430, 439, 259 S.E. 2d 281, 287 (1979); *State v. Sparks*, 297 N.C. 314, 333, 255 S.E. 2d 373, 385 (1979).

As for the difference in King's answers before and after the recess about the ownership of the store, that conflict is for the jury to resolve. *See State v. Mabry*, 269 N.C. 293, 296, 152 S.E. 2d 112, 114 (1967); *State v. Crawford*, 29 N.C. App. 117, 119, 223 S.E. 2d 534, 535 (1976).

[4] Finally, the defendant argues that the trial judge did not act impartially when he raised the ownership problem in the arrest warrant. He correctly cites G.S. 15A-1222 for the proposition that the trial judge may not express an opinion in the presence of the jury on any question of fact to be decided by the jury. But that provision was not violated here.

The transcript shows that the jury never heard the trial judge's questions about the warrant.

COURT: What is the name of your store?

A. Southland Shirt Outlet.

DEFENDANT'S EXCEPTION NO. 1.

COURT: Who is it owned by?

A. Block Industries.

DEFENDANT'S EXCEPTION NO. 2.

COURT: Let me see counsel at the bench one moment.

The jury was then sent to the jury room and a voir dire of King was held. They were not brought back into the courtroom until the voir dire of King and the legal arguments over amendment of the warrant were completed.

A trial judge can properly question a witness to clarify and promote understanding of the testimony. Such questions are prejudicial error only if he expressed an opinion by their tenor, frequency, or persistence. *State v. Rinck*, 303 N.C. 551, 562, 280 S.E. 2d 912, 921 (1981). That did not occur here.

No error.

Judges BECTON and PHILLIPS concur.