INMAN, Judge.
Defendant appeals the judgments entered after a jury convicted him of felonious breaking or entering, felonious attempted larceny, possession of marijuana, and possession of drug paraphernalia and defendant pled guilty to attaining habitual felon status. On appeal, defendant contends that: (1) the trial court erred by denying his motion to dismiss the attempted larceny charge because there was insufficient proof of ownership; (2) the breaking or entering charge, which was predicated on defendant's intent to commit larceny, must be vacated because there was insufficient evidence to support the attempted larceny charge; and (3) the trial court committed plain error when it introduced into evidence a check issued almost a year after the date of offense in order to establish ownership.
After careful review, we find no error.
Factual and Procedural Background
On 22 June 2013, defendant was arrested after police officers found him inside the old Porcelanite factory building in Lexington, North Carolina ("the building"). Police were responding to a call reporting "banging" noises in the factory even though the factory was no longer in operation. After entering the building, police officers found defendant hiding behind an electrical plate in the electrical room. Another electrical panel in the room had had its copper wiring cut out. Officers also found tools, pieces of metal, copper wiring, washers, and bolts scattered on the ground. In defendant's possession, officers found a marijuana pipe and a small amount of marijuana inside a pill case.
On 12 May 2014, a grand jury indicted defendant for felonious breaking or entering, attempted larceny pursuant to breaking or entering, possession of marijuana up to one half of an ounce, possession of drug paraphernalia, and attaining habitual felon status. The indictments specifically listed Condumex, Inc. as the owner of the building and the owner of the metal and copper inside the building.
At trial, the State offered the testimony of George Washington Smith ("Mr.Smith") to establish that Condumex owned the building. Mr. Smith worked at the building from 1960 to 1967 and from 1987 until the factory shut down in the 1990s; during these periods, the factory was owned by different owners. After the factory shut down, Mr. Smith worked as a caretaker at the building for the new owners. Mr. Smith testified that he was "more or less the eyes and the ears" for the building's owners, who were in Texas, and that he would "look [ ] after the plant, go by and check it." Specifically, Mr. Smith stated that he would "check and see if windows were broken or fence [sic] had been tampered with or anything like that." If he noticed any issue, Mr. Smith would contact the police. In fact, when the police officers arrived at the building on 22 June to investigate the banging noises, they contacted Mr. Smith to let them inside.
The State asked Mr. Smith who the "new owner" of the factory was, and he replied, "Condumex." Mr. Smith testified that "Condumex came in there after they shut down, I think." According to Mr. Smith, once he "visited the plant so many times, [he] would send [Condumex] an invoice," and Condumex would send him a check. The State offered into evidence Mr. Smith's last paycheck from Condumex, issued in 2014. Defense counsel did not object at trial to the admission of this evidence.
On cross-examination, the following colloquy took place between defense counsel and Mr. Smith:
Q. On June 22nd, 2013, who did you work for?
A. Who did I work for? Condumex. I mean Porcelanee. Porcelanite. They called it Porcelanee, some people called it Procelanee. We called it Porcelanite.
Q. So your testimony is you worked for Porcelanite?
A. On when?
Q. June 22nd of last year.
A. Oh, that was Condumex. I'm pretty sure that was Condumex.
Later, defense counsel asked Mr. Smith how he obtained payment for his work:
Q. Who did you send your invoices to for payment?
A. I send them to Condumex. And I talked to a lady there with the first name Beatrice. I don't have her last name. But I've got the phone number. I call them and tell them I'm going to send one. And my daughter fax [sic] it for me.
Defense counsel handed Mr. Smith a copy of one of the invoices he faxed and asked:
Q. And who is this addressed to?
A. It should be to Condumex.
Q. Who is it addressed to?
A. Who is this one?
Q. Uh-huh.
A. Day is the 4th. Addressed to Cathy at Porcelanite.
Q. Who is that?
A. Cathy at Porcelanite? That's the lady I was getting in touch with before they changed it, before she told me to get in touch with Beatrice, send everything to Beatrice.
Mr. Smith further explained:
A. Both of them, both Cathy and Beatrice have the same -they are in the same office, just different extensions.
Q. Okay.
A. Because I can call Cathy and tell her I need to talk to Beatrice. She will ring Beatrice [sic] phone. So they are in the same office. I haven't been there, but they are in the same office, just-and the same phone number, just different people.
When asked who his supervisor was, Mr. Smith replied that his supervisor was Mr. Sanchez and that Mr. Sanchez's secretary was Beatrice.
At the close of the State's evidence, defense counsel moved to dismiss the breaking or entering and attempted felony larceny charges based on the State's failure to provide sufficient evidence of ownership of the building and its contents. The trial court denied the motion. On 17 September 2014, the jury found defendant guilty on all charges. Defendant pled guilty to attaining habitual felon status. The trial court sentenced defendant to a minimum term of 89 months to a maximum term of 119 months imprisonment for the breaking or entering and habitual felon convictions and a minimum term of 35 months to a maximum term of 54 months for the remaining convictions, to be served consecutively. Defendant appeals.
Analysis
Defendant first argues that the trial court erred by denying his motion to dismiss the charge of attempted felony larceny because the State provided insufficient evidence that Condumex owned the building. We disagree.
We review the denial of a defendant's motion to dismiss de novo .State v. Chillo,208 N.C.App. 541, 545, 705 S.E.2d 394, 397 (2010). As our Supreme Court has noted:
When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered. The trial court must decide only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.
State v. Miller,363 N.C. 96, 98-99, 678 S.E.2d 592, 594 (2009) (internal citations and quotation marks omitted).
"The essential elements of larceny are: (1) the taking of the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property." State v. Barbour,153 N.C.App. 500, 502, 570 S .E.2d 126, 127 (2002).
The allegation of ownership of the property described in a bill of indictment for larceny is material. If the proof shows that the article stolen was not the property of the person alleged in the indictment to be the owner of it, the variance is fatal and a motion for judgment of nonsuit should be allowed.
State v. Eppley,282 N.C. 249, 259, 192 S.E.2d 441, 448 (1972).
Here, the only evidence offered by the State to support its allegation that Condumex owned all of the copper wiring inside the building, as described in the indictment, was the testimony of Mr. Smith, the caretaker. There is some conflict in Mr. Smith's testimony as to whether Condumex or Porcelanite owns the building. However, "[c]onflicts in the evidence are to be resolved by the jury." State v. Crawford,29 N.C.App. 117, 119, 223 S.E.2d 534, 535 (1976) (noting that, for purposes of the defendant's larceny conviction, a conflict in the evidence as to who owned the property was a matter for the jury). Mr. Smith explicitly stated that Condumex was the new owner of the building and hired him as a caretaker. Our Courts have upheld larceny convictions when the ownership of the property is established by testimony of the employees. See State v. Reeves,62 N.C.App. 219, 225, 302 S.E.2d 658, 661 (1983) (concluding that an employee's testimony about who owned the store was sufficient). Thus, any conflicting evidence was for the jury to resolve, and the evidence, when construed in the light most favorable to the State, was sufficient for a reasonable juror to conclude that Condumex was the owner of the premises.
Defendant argues that "ownership of the real property from which items are taken is not sufficient proof of ownership of articles." Thus, according to defendant, even if Condumex owned the building, there was insufficient evidence presented that Condumex also owned the copper wiring inside the building. Defendant contends that "the fittings inside the plant could still belong to Porcelanite" or that ownership could be held jointly between Condumex, Porcelanite, or a parent company.
In support of his argument, defendant cites several cases where our appellate Courts have held that proof of ownership of the real property is not sufficient to show ownership of the personal property located within the real property. See generally State v. Law,227 N.C. 103, 104, 40 S.E.2d 699, 700 (1946) ; State v. Downing,313 N.C. 164, 168, 326 S.E.2d 256, 259 (1985) ; State v. Smith,266 N.C. 747, 749, 147 S.E.2d 165, 166 (1966). Defendant's reliance on these decisions is misplaced given that the property at issue here, the copper wiring, was affixed to real property and is, thus, considered part of the real property, not personal property. See Moore's Ferry Dev. Corp. v. City of Hickory,166 N.C.App. 441, 445, 601 S.E.2d 900, 903 (2004) (defining a fixture as "personal property that is attached to land or a building and that is regarded as an irremovable part of the real property"); Little v. Nat'l Serv. Indus., Inc.,79 N.C.App. 688, 692, 340 S.E.2d 510, 513 (1986) (citing 1 Thompson on Real Property, 1980 Replacement, § 55 at 179 (1980)). Accordingly, under these circumstances, the State's proof that Condumex owned the building was sufficient to establish ownership of the fixtures located within that building.[1]
Next, defendant argues that the trial court erred in denying defendant's motion to dismiss the breaking or entering charge, which was predicated on the attempted larceny charge, because the State failed to present sufficient evidence of ownership to support the attempted larceny charge. As discussed, the State provided sufficient evidence that Condumex owned the building and its fixtures to survive defendant's motion to dismiss. Therefore, defendant's argument is without merit.
Finally, defendant argues that the trial court committed plain error when it admitted into evidence at trial a check issued in 2014, almost one year after the date of the offense, by Condumex to Mr. Smith. We disagree.
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty.
State v. Lawrence,365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).
Even if we were to assume, without deciding, that the trial court erred in admitting the check, defendant has failed to show plain error. At most, the check offered support for Mr. Smith's testimony that he worked for Condumex, but the check was not necessary to support a conclusion that Condumex owned the building given Mr. Smith's other testimony. Therefore, defendant has failed to show that, without this evidence, the jury probably would have reached a different verdict. See id.
Conclusion
Based on the foregoing reasons, defendant's trial was free from error.
NO ERROR.
Judges BRYANT and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered 17 September 2014 by Judge Joseph N. Crosswhite in Davidson County Superior Court. Heard in the Court of Appeals 5 May 2015.

N.C. Gen.Stat. § 14-83.1 (2013) provides that, fixtures, i.e ., "property that is affixed to real property," may serve as the basis of a larceny or, as in this case, an attempted larceny charge.