STATE OF NORTH CAROLINA v. ROOSEVELT KINSEY

No. 728SC713

(Filed 20 December 1972)

1. Robbery § 4— indictment for armed robbery — evidence showing attempted robbery — no fatal variance

There was no fatal variance between an indictment charging armed robbery and evidence showing only an attempt at armed robbery, the offense being complete whether the taking is successful or amounts only to an attempt to take personalty from the victim.

2. Assault and Battery § 14— serious injury — jury question

In a prosecution for felonious assault, the State's evidence was sufficient for the jury on the question of serious injury where it tended to show that the victim was cut across the neck with a knife and that thirty stitches were required to treat the wound.

3. Assault and Battery § 5; Criminal Law § 26; Robbery § 6— armed robbery — felonious assault — continuous course of conduct — conviction of both crimes

Defendant could be convicted of both the offense of felonious assault and the offense of armed robbery based on separate features of one continuous course of conduct.

State v. Kinsey

APPEAL by defendant from *Cowper, Judge,* 5 June 1972 Criminal Session of LENOIR Superior Court.

Defendant was tried on two bills of indictment to which he entered pleas of not guilty; the jury found him guilty of both offenses.

In case number 72Cr2409 defendant was charged with assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death. (G.S. 14-32(a)). The jury found defendant guilty of violation of G.S. 14-32(b) : assault with a deadly weapon, inflicting serious injury, not resulting in death.

In case number 72Cr2410 defendant was charged with robbery with a dangerous weapon, a butcher knife, in violation of G.S. 14-87. The jury found defendant guilty although the robbery resulted in no spoils.

In case number 72Cr2409 judgment was entered on 5 June 1972 reciting that the offense was of the grade of misdemeanor and sentencing defendant to five years' imprisonment. On 7 June 1972 the judgment was corrected to recite that the crime was a felony. Judgment was entered in case number 72Cr2410 sentencing defendant to ten years' imprisonment for robbery with a deadly weapon, the sentences to run consecutively.

The State's evidence tended to show that about 11:15 or 11:30 p.m. on 9 March 1972 defendant and his brother went to the home of Sam Lard Thompson and his wife, Carrie Mae Sutton (Thompson). The brother went to the living room with Mrs. Thompson, and defendant went to the kitchen with Mr. Thompson.

Thompson turned to the refrigerator and defendant came up behind him and put a knife around his neck. According to Thompson defendant said:

" '[T]his is a stick-up.' I said, 'What are you talking about? Sticking me up?' I told him I did not have anything to be stuck up for and he said that he was not joking and that he meant it and at this time he started pulling the knife across my throat. I felt the blood running down my neck and I knew I had to do something right then in a hurry. He said give me the money. He was trying to get the money out of my pocket but he did not get any money and I hauled back and hit him in the midsection. That knocked him back

on the table and I hollered for my wife to bring me my shotgun. My wife brought the shotgun into the room but he jumped up and ran out the door."

When defendant fell after being hit by Thompson, the knife blade broke from the handle; the blade was found on the kitchen floor, and was introduced into evidence at the trial. Thompson had a long cut across his neck. He went to the hospital at about 12:00 midnight, and returned home about 1:00 a.m. Thirty stitches were required to treat the wound.

Defendant testified that he had previously "pawned" a .22 pistol to Thompson, that he went to the Thompson home on the night of 9 March 1972 to get back the gun, that an argument resulted, and that he picked up the knife and hit Thompson with it. He testified that he did not make any attempt to rob Thompson, which charge defendant attributed to ill will toward him on the part of Thompson. Defendant said that he did not know that Thompson had been cut.

*Attorney General Robert Morgan by Assistant Attorney General H. A. Cole, Jr., for the State.*

*Perry, Perry & Perry by Warren S. Perry for defendant appellant.*

CAMPBELL, Judge.

Defendant contends that there were many errors committed during the trial and sets out nine questions. We do not find it necessary to discuss in detail each of the questions presented.

[1]   With regard to the armed robbery charge, the defendant contends that there was insufficient evidence to convict him of this charge and that there was fatal variance in the bill of indictment, as he was charged with armed robbery, and the evidence only showed an attempt at armed robbery. There is no merit in this contention. "If all of the elements are present, the offense is complete whether the taking is successful or amounts only to an attempt to take personalty from the victim." *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496 (1964) ; *State v. Jenkins,* 8 N.C. App. 532, 174 S.E. 2d 690 (1970).

[2]   With regard to the assault charge the defendant contends that there was error in not submitting to the jury a lesser offense as there was no evidence sufficient to establish seri-

ous injury. Whether the injury is "serious" depends upon the facts in each case. We find no error in the instant case, and the ruling is controlled by the principles enunciated in *State v. Parker*, 7 N.C. App. 191, 171 S.E. 2d 665 (1970).

[3] Still another contention of the defendant is to the effect that he was tried and convicted of two separate offenses whereas in truth and in fact there was only one offense, and thus error was committed. The defendant says that since an assault with a deadly weapon is a part of and necessary for the commission of armed robbery, he could not be convicted of the assault as a separate offense. This question was presented and thoroughly discussed in *State v. Richardson*, 279 N.C. 621, 185 S.E. 2d 102 (1971). Nothing would be gained by a further discussion; and since in this case serious injury was done in the assault, we hold that the *Richardson* case controls.

We have considered all of the other questions presented by the defendant and find them to be without merit.

We hold that the defendant had a fair and impartial trial free from prejudicial error.

No error.

Judges MORRIS and PARKER concur.