State v. Sommerset

STATE OF NORTH CAROLINA v. GARY STEVE SOMMERSET

No. 7427SC241

(Filed 17 April 1974)

1. **Kidnapping § 1— definition of offense**

    Kidnapping is the unlawful taking and carrying away of a person against his will by force, threats, or fraud.

2. **Kidnapping § 1; Robbery §§ 1, 4— kidnapping and armed robbery — two distinct charges — no election by State required**

    In a prosecution for armed robbery and kidnapping, the trial court correctly denied defendant's motion to require the State to elect between the two charges where the evidence tended to show that two distinct offenses occurred in that the victim was forced from his residence at gunpoint and transported by car for a distance of approximately eight miles at which point defendant and an accomplice robbed him.

3. **Constitutional Law § 31; Criminal Law §§ 43, 169— photograph and testimony — access by defendant prior to trial**

    Trial court did not err in refusing to suppress testimony of the victim and his wife where their comments to an investigating officer were placed in a police report, a copy of which was furnished to defendant's counsel, nor was defendant prejudiced by the introduction of a photograph at trial, though defendant had not first been supplied a copy of the photograph as required by a prior court order.

4. **Criminal Law § 114; Kidnapping § 1; Robbery § 5— instructions — reference to victim**

    Trial court's reference in its jury instruction to the man defendant allegedly robbed and kidnapped as "the victim" did not constitute prejudicial error since the charge as a whole was correct.

APPEAL by defendant from *Friday, Judge,* 1 October 1973 Session of Superior Court held in GASTON County.

This is a criminal action wherein the defendant, Gary Steve Sommerset, was charged in two separate bills of indictment,

proper in form, with armed robbery and kidnapping. Prior to trial defendant made a motion for the production of evidence and the disclosure of witnesses which motion was granted. Defendant also made motions to quash the bill of indictment as to kidnapping; to change the venue; and to compel the State to elect between the charges of armed robbery and kidnapping; however, each of these motions was denied. Upon arraignment the defendant tendered a plea of not guilty as to both charges and the State offered evidence tending to establish the following:

On 13 January 1973 at about 10:30 p.m. an unidentified man came to the home of Lawrence Odell Morrison and at gunpoint forced Morrison to get into a waiting vehicle in which the defendant was sitting. Defendant, who was known to Morrison because he had married Morrison's stepson's daughter, ordered Morrison to remain silent and the three men departed in the car. After driving for approximately eight miles, the defendant and his unidentified companion robbed Morrison of both his pocketbook which contained over five hundred dollars and his .38 pistol which he had with him. The three of them then returned to Morrison's house at which time the defendant and his accomplice forced Morrison and his wife to remain in the living room while they searched the bedroom for money. The unidentified man found about $3,000.00 in a dresser drawer and this sum along with approximately twelve dollars in change taken from Morrison's pocket was placed in a pillowcase. The defendant then ordered Morrison, at gunpoint, to drive him in Morrison's truck over the route which they had previously taken. After riding for a few miles, the defendant got out of the truck and told Morrison to drive on. Morrison returned home at about 12:30 a.m.

The defendant by way of cross-examination attempted to show that Morrison, who was the operator of a pool hall, was selling drugs at the pool hall and that the defendant was selling drugs to Morrison, who in turn sold them to individuals in the pool hall. It was not until Morrison tried to steal some drugs from the defendant that the alleged robbery occurred. The defendant attempted to establish through cross-examination that he was forced through fear and coercion to accompany the unidentified masked man in the alleged robbery and kidnapping and that the defendant was as much a victim of the unidentified man as was Morrison.

From a verdict of guilty as charged and a judgment thereon sentencing defendant to not less than twenty-five nor more than thirty years for the kidnapping charge and not less than fifteen nor more than twenty years on the robbery count, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General John R. Matthis for the State.*

*Stewart, Lowe and Funderburk by Jim R. Funderburk and Childers and Fowler by Henry L. Fowler, Jr., for defendant appellant.*

HEDRICK Judge.

[1, 2] Defendant by his first assignment of error contends that the trial court erred in denying his motion to require the State to elect between the offenses of armed robbery and kidnapping; and defendant submits in support of this argument that the case at bar is controlled by *State v. Dix*, 282 N.C. 490, 193 S.E. 2d 897 (1972). In *State v. Dix, supra*, the Supreme Court by a 5 to 2 decision, determined that there was not a sufficient asportation to constitute the crime of kidnapping where defendant forced a jailer at gunpoint to go from the front door of the jail to the jail cells, a distance of some 62 feet, compelled the jailer to release two prisoners, and then locked the jailer in one of the jail cells. In the instant case the evidence introduced by the State revealed that Mr. Morrison was forced from his residence at gunpoint and transported by car for a distance of approximately eight miles at which point the defendant and his accomplice robbed Morrison. It is our view that a comparison between the present case and *State v. Dix, supra*, renders the latter case readily distinguishable from the case *sub judice* and that the construction of *State v. Dix* which defendant desires us to adopt is much too broad. Clearly, the asportation of Morrison exceeded the incidental restraint present in *State v. Dix, supra*, and the risk of harm to Morrison was over and above that necessarily present in the robbery itself. The decisions of this jurisdiction define kidnapping as the unlawful taking and carrying away of a person against his will by force, threats, or fraud, *State v. Murphy*, 280 N.C. 1, 184 S.E. 2d 845 (1971) ; *State v. Barbour*, 278 N.C. 449, 180 S.E. 2d 115 (1971), cert. denied, 404 U.S. 1023 (1972) ; *State v. Gough*, 257 N.C. 348, 126 S.E. 2d 118 (1962) ; and the evidence presented in this case fully satisfies the requirements of this definition as well as

the definition of armed robbery. Thus, the trial court correctly denied defendant's motion to require the State to elect between the two charges.

[3] Next, the defendant maintains that the trial court committed error in denying defendant's motions to suppress the testimony of two witnesses, namely Morrison and his wife. These motions to suppress were predicated upon defense counsel's belief that both Morrison and his wife had given written statements to the police; however, the record reveals that the statements made by Mr. Morrison and his wife were not in the form of written statements as implied by defendant but rather their comments were transcribed by an investigating officer and placed in a police report. A copy of this police report was furnished to defendant's counsel; therefore, the trial court did not err in refusing to suppress the testimony of Morrison and his wife. Similarly, defendant asserts that it was error to allow the introduction into evidence of a photograph of Mr. Morrison (the purpose of the photograph being to illustrate the testimony of Mr. Morrison relating to a pistol blow he received across the nose) when defendant had not first been supplied a copy of this photograph as required by a prior court order. Assuming *arguendo* that it was technical error to allow the admission of such evidence, the defendant has failed to demonstrate how the introduction of this photograph has prejudiced him. Thus, this assignment of error is overruled.

[4] Defendant further asserts that it was error for the trial judge in his charge to the jury to refer to Mr. Morrison as "the victim" as this constituted an expression of an opinion on the evidence and as such was in violation of G.S. 1-180. It is true that the charge does contain the language complained of; however, the trial judge also at one point included within the charge the words "the victim—the alleged victim." It is a well-established principle that the charge will be construed contextually and isolated portions will not be held prejudicial when the charge as a whole is correct. *State v. Cook,* 263 N.C. 730, 140 S.E. 2d 305 (1965); *State v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334 (1963). Also, "[i]f the charge presents the law fairly and clearly to the jury, the fact that some expressions standing alone might be considered erroneous will afford no ground for reversal." *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970). This assignment of error is governed by the foregoing principles; hence, it is without merit.

We have carefully reviewed defendant's remaining assignments of error, including those related to the charge, and find them to be nonmeritorious. The defendant was afforded a fair trial, free from prejudicial error.

No error.

Judges BRITT and CARSON concur.