State v. Glenn

---

STATE OF NORTH CAROLINA v. BENNIE LEE GLENN

No. 7414SC406

(Filed 5 June 1974)

**Homicide § 4; Criminal Law § 26— felony-murder charge — kidnapping, assault, robbery charges — no merger**

Where defendant was charged in four separate bills of indictment with kidnapping, felonious assault, armed robbery, and murder in the perpetration of a felony, and was convicted of all charges except the felony-murder, there was no merger of the three felony charges into the felony-murder accusation, and the trial court properly denied defendant's motion in arrest of judgment on the felony charges.

THIS case was heard on *certiorari* to review the trial and judgment of *Cooper, Judge,* at the 5 June 1972 Session, DURHAM Superior Court.

Heard in the Court of Appeals 28 May 1974.

Defendant was tried on four separate bills of indictment, each proper in form.

The first was in the form prescribed by G.S. 15-144 for the murder of William Thomas Land, a deputy sheriff of Durham County. This bill charged that defendant feloniously and of his malice aforethought, did kill and murder. The bill further charged that the murder occurred during the commission of a felony by the defendant.

The second bill charged the defendant with kidnapping one W. Holt Anderson, Branch Manager of the Wachovia Bank and Trust Company.

The third bill charged the defendant with a felonious assault upon one Jerry Wilkerson, a deputy sheriff of Durham County, by firing a 30 caliber carbine rifle at him with intent to kill, the said Wilkerson at the time being in the performance of his official duties.

The fourth bill charged the defendant with armed robbery of Wachovia Bank and Trust Company.

The four bills of indictment were consolidated for the purpose of trial. The defendant was found guilty by the jury on three of the charges, namely, kidnapping, felonious assault, and armed robbery. The jury was unable to agree on the charge of murder, and a mistrial was entered.

From consecutive judgments entered on the three charges for which the defendant was convicted, the defendant excepted and noted an appeal. Because of the inability of defendant to perfect the appeal within the time prescribed by the rules of this Court, we granted certiorari to review the trial and judgments.

*Attorney General Robert Morgan by Assistant Attorney General James L. Blackburn for the State.*

*Pearson, Malone, Johnson, DeJarmon and Spaulding by C. C. Malone, Jr., for defendant appellant.*

CAMPBELL, Judge.

The evidence reveals that on the morning of 5 October 1971, there were four employees in the Nelson Branch of the Wachovia Bank and Trust Company. Shortly after noon on that day the defendant entered the bank when no other persons other than the employees were present. The defendant was carrying a rifle and ordered the tellers to fill up a burlap bag which he was carrying. The defendant then ordered the employees to enter a closet. Before the defendant left the bank, an automobile belonging to the Sheriff's Department drove into the parking lot. Deputy Sheriff Land and Deputy Sheriff Wilkerson got out of the automobile and approached the bank. The defendant opened fire on them with the rifle. Deputy Sheriff Wilkerson returned the fire with a pistol. During the interchange of shots, Deputy Sheriff Land was killed. The defendant then ordered Anderson, the Branch Manager of the bank, to come out of the closet and accompany the defendant to the bank's automobile which was driven by Anderson. The defendant then directed Anderson where to drive the automobile with the defendant riding in the front passenger seat, the defendant at the time carrying the burlap bag containing the money from the bank. After riding in the automobile for several miles, the automobile was stopped by State Highway Patrolmen, and the defendant was apprehended.

The defendant brings forward one assignment of error, namely, the failure to sustain his motion in arrest of judgment subsequent to the declaration of a mistrial upon the felony murder charge. The defendant says that when he was placed on trial for first-degree murder, the three felony charges were merged into that charge; and it was improper to pronounce

judgment on those three charges as they had been merged into the murder charge. We find no merit in this assignment of error.

The defendant has not been convicted of murder; and without a conviction of murder, there can be no merger of a felony charge in a felony murder accusation. It is also to be noted that in the instant case the bill of indictment not only charges a felony murder situation, but also charges that the defendant "feloniously and of his malice aforethought, did kill and murder."

The question of whether there is a merger will not arise until and unless the State attempts to try the defendant on a felony murder charge.

For an application of the merger doctrine in felony murder cases, see *State v. Bell*, 205 N.C. 225, 171 S.E. 50 (1933) and *State v. Thompson*, 280 N.C. 202, 185 S.E. 2d 666 (1972).

No error.

Chief Judge BROCK and Judge BRITT concur.