STATE OF NORTH CAROLINA v. WILLIAM RAY VAWTER

No. 7621SC829

(Filed 4 May 1977)

1. **Criminal Law §§ 66.10, 66.17— confrontation between victim and defendant at sheriff's office — in-court identification not tainted**

    The trial court properly allowed into evidence an armed robbery victim's in-court identification of defendant where the court found that the identification was based on the victim's observation of defendant at the scene of the crime, which was a well-lighted store, and that it was not tainted by a one-on-one confrontation between the victim and defendant at the sheriff's office one day after the crime.

2. **Burglary and Unlawful Breakings § 3.1— breaking and entering store — allegation and proof of ownership — no fatal variance**

    There was no fatal variance between indictment and proof in a breaking and entering case where the indictment alleged that defendant "did feloniously break and enter a building occupied by E. L. Kiser (sic) and Company, Inc., a corporation, d/b/a Shop Rite Food Store used as retail grocery located at Old U.S. Highway # 52, Rural Hall, North Carolina with the intent to commit a felony therein, to wit: larceny," and the evidence indicated that members of the Kiger family owned and operated the Shop Rite Food Store located on Old U.S. 52 at Rural Hall, but no evidence was introduced as to the corporate ownership or occupancy of the Shop Rite Food Store.

3. **Larceny § 4— larceny of property from store — allegation and proof of ownership — fatal variance**

    A fatal variance existed in a felonious larceny case where the State charged larceny of property belonging to E. L. Kiser (sic) and Company, Inc., but proved larceny of property belonging to the Kiger family.

4. **Kidnapping § 1— armed robbery and kidnapping committed together — no merger of offenses**

    In a prosecution for breaking and entering, larceny, armed robbery and kidnapping, defendant's contention that the trial court erred in denying his motion to dismiss the charge of kidnapping on the ground that there was a merger of the offenses of armed robbery and kidnapping is without merit, since the evidence was sufficient to show

that the victim not only was robbed by a firearm but was thereafter confined and restrained by defendant for the purpose of (1) facilitating the commission of a felony in that the victim was forced to aid in the robbery of a store, and (2) facilitating defendant's flight from the sheriff's deputies who arrived at the crime scene.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 16 July 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 March 1977.

Upon a plea of not guilty, defendant was tried on indictments charging him with breaking and entering, larceny, armed robbery and kidnapping. The State's evidence tends to show:

On 11 May 1976 at approximately 4:00 a.m., Milton Kiger, part owner of a Shop Rite Food Store in Rural Hall, went to the store in response to a burglar alarm. When Kiger entered the stockroom two white males, defendant and Dennis Wilson, approached him. Defendant pressed a knife to Kiger's back and demanded his keys and pocketbook. Kiger gave defendant his keys and pocketbook while Wilson proceeded to fill several shopping carts with cigarettes. Defendant then told Kiger to push one of the carts toward the outside door. Wilson had left the building to get their car when some deputies sheriff drove up to the back porch of the store. Defendant, who was holding Kiger by the top of his pants, told Kiger, "If you want to live, get rid of this man." When defendant released his hold of Kiger's pants, Kiger ran out the door toward the officer's car.

Before Kiger was allowed to identify defendant at trial, an extensive voir dire hearing was held. Kiger testified that he observed defendant for five to seven minutes, four minutes of which he was face to face with defendant. Kiger described defendant to the investigating officers as "a slender, tall white male with blondish hair wearing a blue shirt." The day after the robbery Kiger was called to the sheriff's department to view a suspect. Kiger observed defendant, who was alone at the time, through a two-way mirror and identified him as the robber. The trial judge found that Kiger's in-court identification was of independent origin, based on his observations at the time of the alleged crime; that it was not tainted by any improper conduct or methods of the sheriff's department; and that the identification testimony was admissible.

Defendant presented no evidence.

State v. Vawter

The jury found defendant guilty as charged. From judgments imposing a prison sentence of not less than forty and not more than fifty years on the armed robbery charge; a prison sentence of twenty-five years on the kidnapping charge to run concurrently with the armed robbery sentence; and a suspended ten-year prison sentence on the breaking and entering and larceny charges, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Acie L. Ward, for the State.*

*White and Crumpler, by G. Edgar Parker, for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the trial court's denial of his motion to suppress his in-court identification. This assignment is without merit.

Defendant argues that the out-of-court identification procedure violated his due process rights in that the one-on-one confrontation between the prosecuting witness, Kiger, and defendant was unnecessarily suggestive and was conducive to irreparable mistaken identication as a matter of law. He further contends that the out-of-court identification by Kiger so tainted the in-court identification of defendant as to render it inadmissible.

As stated in *State v. Henderson,* 285 N.C. 1, 11, 203 S.E. 2d 10, 17-18 (1974) :

"The practice of showing suspects singly to person for purposes of identification has been widely condemned. *Stovall v. Denno, supra; State v. Wright, supra.* However, whether such a confrontation violates due process depends on the totality of the surrounding circumstances. *Stovall v. Denno, supra.*

Assuming, *arguendo,* that the out-of-court confrontation was impermissibly suggestive and conducive to misidentification, we think the in-court identification was properly admitted into evidence. It is well established that the illegality of an out-of-court identification will render inadmissible the in-court identification unless it is first determined on voir dire that the

in-court identification is of independent origin. *State v. Smith,* 278 N.C. 476, 180 S.E. 2d 7 (1971), *State v. Henderson, supra.*

Here, the trial judge, upon a motion to strike, conducted an extensive voir dire hearing. The evidence on voir dire reveals that the witness observed the defendant approximately five to seven minutes. Of this time, approximately four minutes were spent with the prosecuting witness and the defendant face to face in a well lighted store. Immediately thereafter the witness gave a general but accurate description of defendant. The court found as facts and concluded as a matter of law that Kiger's in-court identification of defendant was of independent origin, based on observations of defendant at the scene of the crime, and that the identification was not tainted in any way by any illegal or improper procedures used at the sheriff's department.

In *State v. Tuggle,* 284 N.C. 515, 520, 201 S.E. 2d 884, 887 (1974), Chief Justice Bobbitt concisely stated the rules governing voir dire hearings where identification testimony is challenged:

> "When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts. *State v. McVay* and *State v. Simmons,* 277 N.C. 410, 417, 177 S.E. 2d 874, 878 (1970); *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 432, 183 S.E. 2d 652, 655 (1971); *State v. Morris,* 279 N.C. 477, 481, 183 S.E. 2d 634, 637 (1971)."

In the case at bar the findings of the trial court as to facts concerning the admissibility of the challenged testimony are well-supported by competent evidence and are conclusive on this appeal.

Defendant next assigns as error the denial of his motions for dismissal of the counts of felonious breaking and entering and larceny on the ground of fatal variance between the indictments and the proof.

[2]  As to breaking and entering, the indictment states that defendant "did feloniously break and enter a building occupied

by E. L. Kiser (sic) and Company, Inc., a corporation, d/b/a Shop Rite Food Store used as retail grocery located at Old U. S. Highway #52, Rural Hall, North Carolina, with the intent to commit a felony therein, to wit: larceny." The evidence presented by Jerry and Milton Kiger indicates that they, along with other members of their family, own and operate the Shop Rite Food Store located on Old U. S. 52 at Rural Hall. No evidence was introduced as to the corporate ownership or occupancy of the Shop Rite Food Store.

In 2 Strong, N. C. Index 3d, Burglary and Unlawful Breakings, pp. 660-661, under § 3.1 entitled "Sufficiency of description of victim and premises," we find: "The recommended practice is to identify the location of the subject premises by street address, rural road address, or some other clear description. However, an indictment under G.S. 14-54 is sufficient if the building allegedly broken and entered is described sufficiently to show that it is within the language of the statute and to identify it with reasonably particularity so that defendant may prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense. . . ."

In *State v. Miller*, 271 N.C. 646, 157 S.E. 2d 335 (1967), the court held that there was a fatal variance between pleading and proof where the indictment alleged the felonious breaking and entering of a building "occupied by one Friedman's Jewelry, a corporation" and the evidence showed that the building was occupied by "Friedman's Lakewood, Incorporated" and that there were three "Friedman's" stores in the city where the offense took place.

Defendant strongly relies on *State v. Brown*, 263 N.C. 786, 140 S.E. 2d 413 (1965). In that case the indictment charged defendant in separate counts with feloniously breaking and entering a building occupied by "Stroupe Sheet Metal Works, H. B. Stroupe, Jr., owner," and with larceny of a number of blank checks, the property of "Stroupe Sheet Metal Works, H. B. Stroupe, Jr., owner." The evidence showed that the occupant of the place of business and the owner of the property was a corporation. The Supreme Court held that there was a fatal variance between the indictment and the proof.

We think *Miller* and *Brown* are distinguishable from the case at hand. In those cases the location of the subject premises by street address, rural road address, "or some other clear de-

scription" was not shown in the indictments. In the case *sub judice* the location of the subject premises is set forth with sufficient particularity to enable defendant to prepare his defense and to plead his conviction or acquittal as a bar to further prosecution for the same offense.

With respect to the breaking and entering charge, we hold that there was no fatal variance between pleading and proof.

[3]  With respect to the larceny count, we think there was a fatal variance between the indictment and the proof. The larceny count alleges that defendant "did feloniously steal, take and carry away 249 Cartons of assorted brands of Cigarettes, the personal property of E. L. Kiser (sic) and Company, Inc., a corporation, d/b/a Shop Rite Food Store . . . ."

The indictment for larceny must correctly charge the owner or the person in possession of the property stolen. *State v. McKoy*, 265 N.C. 380, 144 S.E. 2d 46 (1965). All of the evidence indicates the Kiger family owned and operated the store. There was no evidence of any corporate ownership. Therefore, a fatal variance exists since the State charged larceny of property belonging to E. L. Kiser (sic) and Company, Inc., but proved larceny of property belonging to the Kiger family. *State v. Crawford*, 3 N.C. App. 337, 164 S.E. 2d 625 (1968), *State v. Thompson*, 280 N.C. 202, 185 S.E. 2d 666 (1972).

We hold that the court erred in denying defendant's motion to dismiss the larceny count. Since the breaking and entering and larceny counts were consolidated for purpose of judgment, the judgment in Case No. 76CR18146 is vacated and said case is remanded to the superior court where a proper judgment based solely on the breaking and entering count will be entered.

[4]  By his final assignment of error defendant contends the trial court erred in denying his motion to dismiss the charge of kidnapping on the ground that there was a merger of the offenses of armed robbery and kidnapping. This assignment is without merit.

The indictment for kidnapping charges that defendant "unlawfully and wilfully did feloniously kidnap Milton G. Kiger a person who had attained the age of sixteen years, by unlawfully confining and restraining the said Milton G. Kiger for the purpose of facilitating the commission of felonies; to wit: Breaking and Entering and Larceny, and Robbery with a Dan-

gerous Weapon; and facilitating the flight of the defendant, and Wilton Dennis Wilson, alias David Arthur Childress following his participation in the commission of felonies; to wit: Breaking and Entering and Larceny, and Robbery with a Dangerous Weapon."

Our new kidnapping statute, G.S. 14-39, provides in pertinent part that:

> "(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> > (1) Holding such other person for ransom or as a hostage or using such other person as a shield; or
> >
> > (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or
> >
> > (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person."

Defendant contends that both the alleged armed robbery and kidnapping arose out of the same act or occurrence and that both of the offenses should not have been submitted to the jury. While we can envision cases in which the trial court should not submit counts of kidnapping and armed robbery to the jury, we think the facts in this case warranted the submission of both counts.

It is settled that a continuous series of acts by a defendant, all occurring on the same date and as parts of one entire plan of action, may constitute two or more separate criminal offenses. *State v. Midyette*, 270 N.C. 229, 154 S.E. 2d 66 (1967), *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44 (1967).

The evidence in the case at hand showed that the crimes of armed robbery and kidnapping were separate offenses and based on separate features of one continuous course of conduct. *State v. Kinsey*, 17 N.C. App. 57, 193 S.E. 2d 430 (1972), *cert. denied*, 282 N.C. 674, 194 S.E. 2d 153 (1973), *State v. Rich-*

*ardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971). We think the offenses of kidnapping and armed robbery each have essential elements which are not component parts of the other. As to conviction of both armed robbery and kidnapping under the prior kidnapping statute, see *State v. Sommerset,* 21 N.C. App. 272, 204 S.E. 2d 206, *cert. denied,* 285 N.C. 594, 205 S.E. 2d 725 (1974), *State v. Glenn,* 22 N.C. App. 6, 205 S.E. 2d 352 (1974).

The evidence showed that defendant placed a knife to the back of Milton Kiger and demanded that he give him his keys and pocketbook; that Kiger surrendered his keys and pocketbook. The offense of armed robbery was thereupon completed. Thereafter, defendant's accomplice stated that, "We'll have to take him with us. He has seen us and can identify us." Defendant agreed and stated "okay." While the accomplice was loading cigarettes into grocery carts, defendant pushed Kiger in the direction of the carts and demanded that Kiger, "Push one of those carts." Several carts were pushed to the outside door after which the accomplice went to get the car. While he was gone, a police car drove up and stopped within a few feet of the back porch. Defendant told Kiger, "If you want to live, get rid of this man." Kiger stepped in front of the door while defendant was holding him by the top of his pants. When defendant released his grip, Kiger "scooted out the door in the direction of the officer's car."

This evidence was sufficient to show that Kiger not only was robbed with a firearm but was thereafter confined and restrained by defendant. This restraint was for the purpose of facilitating the commission of a felony in that Kiger was forced to aid in the robbery of the store by pushing the carts of cigarettes. The evidence also indicates that defendant restrained the victim for the purpose of facilitating his flight from the deputies who had arrived. We hold that the evidence was sufficient to withstand the motion to dismiss and to take the case to the jury on the charges of kidnapping and armed robbery.

In Case No. 76CR18146 (B&E&L) judgment vacated and cause remanded for proper judgment.

In Case Nos. 76CR18147 and 76CR18148, no error.

Judges HEDRICK and CLARK concur.