STATE OF NORTH CAROLINA v. JAMES WADDELL DAYE

No. 7910SC798

(Filed 19 February 1980)

1. **Larceny § 7.3— larceny of property from corporation—no fatal variance between indictment and proof**

    There was no fatal variance between indictment and proof where the indictment charged that defendant aided and abetted in the larceny of two suits owned by "J. Riggings, Inc., a corporation" and the evidence showed the suits were owned by "J. Riggings, a man's retailing establishment," "J. Riggings

store," and "J. Riggings," since the evidence sufficiently showed that the suits were owned by the entity named in the indictment, and no fatal variance occurred because the evidence did not refer to the owner as a corporation.

**2. Criminal Law § 99.7— court's statement to defendant—no prejudice to defendant**

Defendant was not prejudiced when the trial judge, in sustaining the State's objection to the way defendant answered a question, stated to defendant, "Just answer the question asked and we'll get along better."

APPEAL by defendant from *Bailey, Judge.* Judgment entered 27 March 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 29 January 1980.

Defendant was charged with aiding and abetting another man to "steal, take, and carry away two (2) men's suits, the property [of] J. Riggings, Inc., a corporation, such property having a value of $350.00." At trial, the State's witnesses referred to: "J. Riggings, a man's retailing establishment," "J. Riggings store," and "J. Riggings" as the entity named in the indictment.

From a verdict of guilty of aiding and abetting in larceny and the imposition of a prison sentence, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Carlos W. Murray, Jr., for defendant appellant.*

WEBB, Judge.

[1] Defendant contends there was a fatal variance between the indictment and the proof at trial in that the evidence did not refer to "J. Riggings" as a corporation. We note that this is not a case in which there was proof that title to the stolen property was in someone other than the owner alleged in the indictment. If the proof had shown J. Riggings was an individual, the case should have been dismissed. *State v. Vawter,* 33 N.C. App. 131, 234 S.E. 2d 438 (1977). In the case sub judice, the indictment alleged that J. Riggings, Inc. owned the two suits. The proof was that they were owned by "J. Riggings, a man's retailing establishment," "J. Riggings store" and "J. Riggings." The question posed by this appeal is whether this proof is so at variance with the indictment that the case should be dismissed. We hold that it is not. The evidence was that the suits were owned by the entity named

in the indictment. We hold that it was not a fatal variance that no one testified J. Riggings was a corporation. *See State v. Whitley*, 208 N.C. 661, 182 S.E. 338 (1935).

[2] The defendant also assigns error to a comment by the court during the trial. The State objected to the way defendant answered a question. The following comment was made:

> "COURT: Sustained. Just answer the question asked and we'll get along better."

We hold the defendant suffered no prejudicial error by this statement.

No error.

Judges PARKER and ARNOLD concur.